## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HESTAL LIPSCOMB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. |
| | ) |
| ELECTRONIC DATA SYSTEMS | ) |
| CORPORATION, | ) |
| a Delaware Corporation, | ) |
| | ) |
| Defendant. | ) JURY TRIAL DEMANDED |

## COMPLAINT

### Parties

1.  Plaintiff Hestal Lipscomb ("Lipscomb") at all times relevant to this complaint has been a resident of the State of Delaware.

2.  Defendant Electronic Data Systems Corporation ("EDS") is a Delaware corporation with its principal place of business in Wilmington, Delaware.

### Jurisdiction

3.  This action arises under the Family and Medical Leave Act of 1993, 29 *U.S.C.A. §2601 et seq.* ("the FMLA").

4.  The plaintiff seeks damages and other appropriate legal and equitable relief, including attorneys' fees, pursuant to *29 U.S.C.A. §2617(a)(1), (3).*

5.  The jurisdiction of this Court is invoked pursuant to *29 U.S.C.A. §2617(a)(2)* and *28 U.S.C.A. §1367.*

LVC3287.WPD

6. Venue lies in this judicial district because the events giving rise to the claims asserted herein occurred within the District of Delaware.

**Facts**

7. Lipscomp was employed by EDS full-time as a specialized support clerk from July 29, 2002 until July 13, 2004. At the time of her termination, she was paid a salary of approximately $21,000.00. During her employment with EDS, she always received favorable evaluations.

8. On information and belief, EDS employed more than 50 people at its offices in Wilmington, Delaware for each working day of 20 or more calendar work weeks in the year immediately preceding Lipscomb's termination.

9. Lipscomb's suffers from a medical condition know as granular cell tumors ("the Medical Condition"). As treatment for the Medical Condition, Lipscomb periodically needs surgery to remove the tumors to lessen the possibility that the tumors will become cancerous.

10. In the spring of 2003, Lipscomb requested two weeks off from work for the necessary surgery. The leave was approved by her supervisor, without the need for submitting any paperwork.

11. In early April 2004, Lipscomb approached her supervisor and team leader to explain that she would need surgery again for treatment of the Medical Condition.

12. Lipscomb's supervisor asked her to have her doctor's office send a fax to her indicating the days that she would need to be out. On both April 13 and 19, 2004, Lipscomb requested her physician's office to send the required information to her employer. On April

19, 2004, that office complied with her request, and Lipscomb preceded to take the necessary medical leave from April 29, 2004 through May 14, 2004.

13.     On May 17, 2004 Lipscomb returned to work, and provided her employer with a written clearance to return to work from her physician.

14.     On information and belief, EDS outsources administration of both FMLA and short term disability to a third party, CIGNA.

15.     On June 2, 2004, Barbara Jackson (Claim Operations Manager for defendant) was informed by CIGNA that Lipscomb's request for short term disability benefits was denied due to an alleged failure to provide necessary medical certification. Jackson did nothing to inform Lipscomb of that fact.

16.     On June 17, 2004, Jackson received a copy of a letter from CIGNA to Lipscomb informing her that her request for FMLA leave was denied due to an alleged failure to provide necessary medical certification. Jackson did nothing in response to receiving a copy of this letter. Lipscomb, however, asked her physician to fax the completed form to CIGNA, which was then done on June 21, 2004.

17.     On June 30, 2004, Jackson met with Lipscomb for the first time with respect to her leave. Jackson told Lipscomb to follow up with her doctor's office to insure that the necessary support for her leave was submitted to CIGNA. Lipscomb indicated that she would do so.

18.     On July 1 and 2, 2004, Jackson asked Lipscomb again if she had followed up with physician. Lipscomb responded that she had been told that her physician would be

faxing the information to CIGNA. During the meetings with Lipscomb, Jackson never advised her that she would be terminated if the information was not provided to CIGNA.

19. On July 13, 2004, EDS terminated Lipscomb despite the fact that she had submitted the requested medical certification to both her immediate supervisor before she went on leave, and to CIGNA on June 21, 2004.

## Count I – FMLA Interference

20. Lipscomb incorporates by reference paragraphs 1 through 19 of the complaint, as if fully restated herein.

21. EDS is an "employer" as defined in the FMLA.

22. Immediately preceding her termination, Lipscomb was an "eligible employee" as defined in the FMLA.

23. For the period that she was away from work in April and May 2004, Lipscomb suffered from a "serious health condition" as defined in the FMLA.

24. Lipscomb provided both EDS and the third party administer designated by EDS with the medical certification requested within the time constraints imposed by the employer.

25. Despite having provided the requisite certification, EDS terminated Lipscomb on July 13, 2004, thereby interfering with her valid exercise of her rights under the FMLA.

## Count II – FMLA Retaliation

26. Lipscomb incorporates by reference paragraphs 1 through 25 of the complaint, as if fully restated herein.

27. In April 2004, Lipscomb notified EDS of her need for FMLA leave.

28. EDS terminated Lipscomb as a result of her attempt to apply for FMLA leave.

29. By terminating Lipscomb as a result of her request for FMLA leave, EDS violated her rights under the FMLA.

WHEREFORE, Lipscomb demands that this Court:

(1) order EDS to reinstate her to her position at the time of her termination;

(2) award her back pay and lost benefits;

(3) prejudgment interest;

(4) attorneys' fees and costs;

(5) liquidated damages; and

(6) such other relief as may be deemed just and proper.

SMITH, KATZENSTEIN & FURLOW LLP

/s/ Laurence V. Cronin
Laurence V. Cronin (#2385)
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899
(302) 652-8400
Attorneys for Plaintiff Hestal Lipscomb

Dated: July 8, 2005