IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HESTAL LIPSCOMB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 05-477-SLR |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| ELECTRONIC DATA SYSTEMS CORPORATION, | ) |
| | ) |
| Defendant | ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Defendant Electronic Data Systems Corporation ("EDS"), by and through counsel, and for its Answer to Plaintiff Hestal Lipscomb's ("Plaintiffs") Complaint and Demand for Jury Trial ("Plaintiff's Complaint"), hereby states as follows:

### Answer to Parties

1.  Upon information and belief, EDS admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.  EDS admits that it is a Delaware corporation. Further answering, EDS' principal place of business is Plano, Texas. EDS denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

### Answer to Jurisdiction

3.  EDS acknowledges that Plaintiff is seeking relief under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA"). EDS specifically denies the allegation in Paragraph 3 of Plaintiff's Complaint that it violated the FMLA.

4.  EDS acknowledges that Plaintiff is seeking damages, equitable relief, and attorneys' fees under 29 U.S.C. § 2617(a)(1), (3), but denies that Plaintiff is entitled to any such relief. EDS denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.  EDS admits that Plaintiff seeks to invoke this Honorable Court's jurisdiction as alleged in Paragraph 5 of the Complaint and further admits that jurisdiction of the Court is proper. EDS denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.  EDS admits that while an employee of EDS, Plaintiff worked in Newark, Delaware, which falls within the venue of the District of Delaware. EDS denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

### Answer to Plaintiff's Facts

7.  EDS admits that Plaintiff was employed by EDS as a full-time specialized support clerk from July 29, 2002 through July 13, 2004. EDS further admits that at the time of her separation, Plaintiff received an annual salary of $21,000. EDS denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.  EDS denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.  EDS is without sufficient information to admit or deny whether Plaintiff suffers from a medical condition known as "granular cell tumors" and/or whether Plaintiff periodically needs surgery to remove the tumors to lessen the possibility that the tumors will become cancerous. EDS denies the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. EDS denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

RLF1-2906021-1

-3-

11      EDS admits that in April 2004, Plaintiff informed Linda Jackson, Plaintiff's team leader, that she would be undergoing surgery. EDS denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint

12      EDS admits that Plaintiff was absent from work from April 29, 2004 through May 14, 2004. EDS is without sufficient information to admit or deny whether Plaintiff requested her physician's office to send information to EDS indicating the days Plaintiff would be out from work. EDS denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint

13      EDS admits the allegations contained in Paragraph 13 of Plaintiff's Complaint

14      EDS admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15      EDS admits that Barbara Jackson, a Deputy Account Manager for EDS, received a copy of a letter from CIGNA to Plaintiff dated June 2, 2004. EDS further admits that this letter informed Plaintiff that her request for short term disability benefits had been denied due to her failure to provide medical certification. EDS admits that Barbara Jackson did not contact Plaintiff after she received a copy of the June 2, 2004 letter from CIGNA to Plaintiff. Further answering, EDS states that Plaintiff was aware of the fact that her request for short term disability benefits was denied. EDS further states that Plaintiff received letters from CIGNA on May 20, 2004 and June 2, 2004 informing her that her request for short term disability benefits had been denied. EDS denies the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint

16      EDS admits that Barbara Jackson received a copy of a letter from CIGNA to Plaintiff informing her that her request for FMLA leave was denied to due to a failure to provide necessary medical certification. Further answering, EDS states that Plaintiff was aware of the fact that her request for FMLA leave had been denied based on her failure to provide necessary

medical certification Further answering, EDS states that Plaintiff received letters from CIGNA on May 20, 2004 and June 17, 2004 informing her that her physician was required to complete the enclosed medical certification and the consequences of not doing so EDS is without sufficient information to admit or deny whether Plaintiff asked her physician to fax a completed certification form to CIGNA. EDS denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint

17. EDS admits the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. EDS admits that on July 1, 2004 and July 2, 2004 Barbara Jackson asked Plaintiff if she had followed up with her physician. EDS admits that Barbara Jackson never verbally told Plaintiff that she would be terminated if the information was not provided to CIGNA Further answering, EDS states that Plaintiff was aware of the consequences of not providing the medical information to CIGNA. EDS denies the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint

19. EDS admits that Plaintiff was separated from EDS on July 13, 2004 EDS denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

### Answer to Count I-FMLA Interference

20. For its answer to Paragraph 20, EDS restates and incorporates by reference as if fully rewritten herein its answers to Paragraphs 1 through 19 of Plaintiff's Complaint

21. EDS states that the allegations contained in Paragraph 21 of Plaintiff's Complaint are conclusions of law requiring no response. To the extent one is required, EDS admits the allegations contained in Paragraph 21 of Plaintiff's Complaint

22. EDS states that the allegations contained in Paragraph 22 of Plaintiff's Complaint

are conclusions of law requiring no response. To the extent one is required, EDS denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. EDS states that the allegations contained in Paragraph 23 of Plaintiff's Complaint are conclusions of law requiring no response. To the extent one is required, EDS denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. EDS denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. EDS admits that it separated Plaintiff on July 13, 2004. EDS denies the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

### Answer to Count II-FMLA Retaliation

26. For its answer to Paragraph 26, EDS restates and incorporates by reference as if fully rewritten herein its answers to Paragraphs 1 through 25 of Plaintiff's Complaint.

27. EDS states that the allegations contained in Paragraph 27 of Plaintiff's Complaint are conclusions of law requiring no response. To the extent one is required, EDS denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. EDS denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. EDS denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

### Answer to Requested Relief

30. EDS denies that Plaintiff is entitled to any of the relief sought in the prayer for relief following Paragraph 29 of Plaintiff's Complaint, including subparagraphs (1)-(6) thereto.

31. EDS denies each and every allegation of Plaintiff's Complaint which is not heretofore specifically admitted.

### Defenses

32. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

33. EDS acted reasonably and in good faith at all times with regard to the employment decisions at issue in Plaintiff's Complaint, and Plaintiff's treatment by EDS was at all times based upon reasonable factors other than Plaintiff's alleged request for FMLA leave.

34. Plaintiff's claims, or some of them, are barred under the applicable statute of limitations.

35. Plaintiff was not entitled to the protections of the FMLA.

36. Plaintiff failed to place EDS on adequate notice of her purported medical condition(s).

37. Plaintiff failed to perform her job in a manner consistent with EDS' legitimate expectations.

38. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel, waiver and/or laches.

39. Plaintiff is not entitled to costs, attorneys' fees, or liquidated damages.

40. Plaintiff's claims for relief are barred to the extent she seeks damages, fees and other relief in excess of the limits imposed by applicable law and also to the extent she seeks damages, fees and other relief not available under applicable law.

41. Plaintiff's claim for unlawful retaliation is barred by her failure to engage in protected activity under applicable law.

42. Plaintiff's claims are barred, in whole or in part, because at all times relevant to this matter, EDS acted in accordance with lawful business reasons.

43. Plaintiff's claims and/or damages may be limited and/or foreclosed under the after-acquired evidence doctrine.

44    Plaintiff has failed to satisfy the conditions precedent for asserting some or all of her claims against EDS.

45    Plaintiff's FMLA claim is barred by her failure to timely provide adequate certification of her medical condition upon request by EDS.

46.    Plaintiff has failed to mitigate her damages, if any, as required by law.

47.    Plaintiff's claims fail because she did not suffer from a serious health condition.

48.    EDS acted in good faith and had reasonable grounds for believing that any action taken or omitted with respect to Plaintiff's employment did not violate the FMLA.

48.    EDS reserves the right to assert any and all additional defenses in accordance with law.

WHEREFORE, EDS respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety and award it costs, including reasonable attorneys' fees, and such other relief as this Court deems just and equitable.

OF COUNSEL:

Stephen Charles Sutton
ssuton@bakerlaw.com
Roger G. Trim
rtrim@bakerlaw.com
Baker & Hostetler LLP
3200 National City Center
1900 East Ninth Street
Cleveland, OH 44114-3485

Dated: August 1, 2005

/s/ Richard G. Elliott, Jr.
Richard G. Elliott, Jr. (#687)
elliott@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King St., P.O. Box 551
Wilmington, DE 19899-0551
Telephone: (302) 651-7700

Attorneys for Defendant
Electronic Data Systems Corporation

RLF1-2906021-1

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2005, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

>Laurence V. Cronin
>Smith Katzenstein Furlow, LLP
>The Corporate Plaza
>800 Delaware Avenue
>P.O. Box 410
>Wilmington, DE 19899

/s/ Alyssa M. Schwartz
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700