IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HESTAL LIPSCOMB, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 05-477-SLR ) |
| ELECTRONIC DATA SYSTEMS CORPORATION, | ) JURY TRIAL DEMANDED ) ) |
| Defendant. | ) |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(C) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed by and between Plaintiff Hestal Lipscomb and Defendant Electronic Data Systems Corporation that:

1. This protective order shall govern the disclosure and use of any and all confidential information contained in documents and other written, recorded or graphic material, answers to interrogatories, deposition transcripts, deposition testimony, exhibits, answers to requests for admissions and all other discovery conducted pursuant to Rule 26 ("Discovery Material") and produced by any party (the "Producing Party") during the proceedings in this action. The term "Discovery Material" shall include all of the foregoing and all information, documents and things derived from Discovery Material, including, but not limited to, copies, summaries and abstracts of Discovery Material.

2.  If the Producing Party in good faith believes that Discovery Material contains or discloses any trade secret, proprietary information, confidential business information, confidential medical information, or confidential medical records, the Producing Party may designate such Discovery Material as "CONFIDENTIAL." ("Confidential Material"). Where large numbers of documents are produced for inspection by a Producing Party, the Producing Party may designate an identifiable grouping of documents as CONFIDENTIAL without the necessity of so designating each page produced. Discovery Material designated CONFIDENTIAL shall be used only for trial preparation, trial and/or appeal of this action and shall not be used for any other purpose whatsoever.

3.  As to depositions, hearings or other proceedings in this action, if any counsel so states, the testimony of a witness shall be designated CONFIDENTIAL. When Confidential Material is to be presented, quoted or referenced at such deposition, hearing or other proceeding, counsel for the parties shall ensure that only persons qualified in accordance with Paragraph 4 of this protective order are present. When Confidential Material is incorporated into, quoted, referenced in or made an exhibit to any deposition or hearing transcript, counsel for the parties shall ensure that the court reporter attending shall bind the Confidential Material separately and label it with the endorsement set forth in Paragraph 8 of this protective order. The court reporter shall be advised of this protective order and agree to be bound by its terms.

4.  Confidential Materials shall be disclosed only to the following persons:

    (a)  The parties to this action;

    (b)  The counsel of record for the parties, including such partners and associate attorneys of said counsel's law firm as have been assigned to work on this action and all legal assistants, stenographic and

        clerical employees thereof when working in connection with this matter under the direct supervision of such partners or their associate attorneys;

    (c)    Any witness or expert witnesses upon express consent of the Producing Party or further Order of this Court;

    (d)    The Court, Court personnel and court reporters; and

    (e)    Other persons only upon Order of the Court or upon written consent of all parties.

5.    No disclosure of Confidential Material shall occur except to the persons identified in Paragraph 4 of this protective order. Counsel making disclosure in accordance with Paragraph 4(b) of this protective order shall, in advance of such disclosure, also provide the witness or expert witnesses with a copy of this protective order and obtain such person's agreement to be bound by its terms.

6.    It is recognized by all parties that due to the exigencies of producing large quantities of documents or taking significant amounts of testimony, documents, information, or testimony may erroneously be designated as CONFIDENTIAL or documents, information, or testimony which are entitled to confidential treatment may erroneously not be designated as CONFIDENTIAL; parties may correct their confidentiality designations, or absence of designation, and shall furnish new copies (at their expense) of the documents as to which there is a change in designation or a new designation containing an accurate description of the documents.

7.    Except as provided in Paragraphs 8, 9 and 10 herein, Confidential Material shall at all times be kept in the custody and possession of each party's counsel of record.

8.    These restrictions may be altered or supplemented only by written stipulation between the parties filed with and approved by the Court or by order of the Court on motion.

9. If Confidential Materials are to be filed with the Court in connection with any proceedings herein, they shall be filed with the Clerk of the Court in sealed envelopes prominently marked with the caption of the case, the name of the party filing the sealed envelope, and the following notice:

**CONFIDENTIAL**

This envelope is sealed pursuant to Order of the Court and contains Confidential Material. This envelope is not to be opened or the contents thereof displayed or revealed except by Order of the Court or pursuant to a stipulation of the parties.

All Confidential Material so filed shall be maintained by the Clerk of Court separate from this action's public records and shall be released only in accordance with Paragraph 4 of this protective order.

10. If, at any hearing in connection with any motion or other proceeding, or at trial, a party intends to offer into evidence any Confidential Material, that party shall inform all interested persons a reasonable time in advance so that all parties and interested persons may take such steps as they deem reasonably necessary to preserve the confidentiality of such material.

11. Entering into, agreeing to, producing and/or receiving Discovery Material or otherwise complying with the terms of this protective order shall not:

(a) operate as an admission by any party that any particular Discovery Material constitutes a trade secret under Delaware law;

(b) operate as a waiver by any party of the attorney-client privilege, the work-product doctrine or any other privilege or ground for nonproduction or objection to testimony with respect to: (i) any such Discovery Material; (ii) any Discovery Material withheld based on privilege or any other ground for nonproduction or objection; or (iii) any future production of Discovery Material;

      (c)      prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery;

      (d)      prejudice in any way the rights of a party to seek a determination from the Court as to:

            (i)      whether particular Discovery Material should be produced; or

            (ii)     if produced, whether such Discovery Material should be subject to the terms of this protective order; or

      (e)      prejudice in any way the rights of a party to apply to the Court for a further protective order relating to any Confidential Material or a modification of this protective order.

12. This protective order shall not prevent or prejudice any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders or from agreeing with the other party to a modification of this protective order, subject to the approval of this Court.

13. In the event that a party objects to the designation of information as CONFIDENTIAL, that party shall first attempt to resolve the dispute informally through counsel. Should the parties be unable to resolve such objection informally, the objecting party through counsel may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the information shall be treated as Confidential Material by all parties.

14. Within thirty (30) days after final termination of this action, either by settlement, expiration of the time to appeal or after issuance of the appellate mandate after an appeal, counsel for the parties shall return all Confidential Materials to the Producing Party or their counsel of record.

15. This protective order has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Material.

**IT IS SO ORDERED:**

Date:_____     _____
                                  **Hon. Sue L. Robinson**

                                  STIPULATED TO BY:

_____           _____
Laurence V. Cronin (# 2385)       Richard G. Elliott, Jr. (#687)
Smith, Katzenstein & Fulow LLP    Alyssa M. Schwartz (#4351)
800 Delaware Ave., 7th Floor      Richards, Layton & Finger, P.A.
P.O. Box 410                      One Rodney Square
Wilmington, DE 19899              920 N. King St., P.O. Box 551
Telephone: (302) 652-8400         Wilmington, DE 19899-0551
Facsimile: (302) 652-8405         Telephone:  (302) 651-7700
                                  Facsimile:  (302) 651-7701

Attorney for Plaintiff            Of Counsel:
                                  Stephen C. Sutton
                                  Roger G. Trim
                                  Baker & Hostetler LLP
                                  3200 National City Center
                                  1900 East Ninth Street
                                  Cleveland, OH 44114-3485
                                  Telephone: (216) 621-0200
                                  Facsimile: (216) 696-0740

                                  Attorneys for Defendant

500969657.2