Exhibit R

Page 1

```
 1            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE
 2
 3   HESTAL LIPSCOMB,              )
                                   )
 4                                 )
              PLAINTIFF,           )
 5                                 )
     VS.                           )  CIVIL ACTION
 6                                 )
                                   )  NO.: 05-477 SLR
 7   ELECTRONIC DATA SYSTEMS       )
     CORPORATION, a Delaware       )
 8   Corporation,                  )
                                   )
 9                                 )
              DEFENDANT.           )
10
11   ------------------------------------
12                ORAL DEPOSITION OF
13                KIMBERLEE RUDEEN
14                  May 4, 2006
15                   Volume 1                   COPY
16   ------------------------------------
17     ORAL DEPOSITION OF KIMBERLEE RUDEEN, produced as a witness
18   at the instance of the PLAINTIFF, and duly sworn, was taken in
19   the above-styled and numbered cause on the 4th day of May,
20   2006, from 10:57 a.m. to 12:16 p.m., before Caroline Tadlock,
21   RPR, CSR in and for the State of Texas, reported by machine
22   shorthand, at the law offices of Crouch & Ramey, 1445 Ross
23   Avenue, Suite 3600, Dallas, Texas, pursuant to the Federal
24   Rules of Civil Procedure and the provisions stated on the
25   record or attached hereto.
```

Page 5

```
 1   clean transcript.  And, finally, I'll need you to answer
 2   verbally so we'll have a written record of your answers.  Okay?
 3        A.   Okay.
 4        Q.   All right.  What's your highest level of formal
 5   education?
 6        A.   Bachelor's degree.
 7        Q.   Where did you get your bachelor's degree?
 8        A.   UT Arlington.
 9        Q.   And when did you do that?
10        A.   1994.
11        Q.   Where are you employed?
12        A.   Life Insurance Company of North America.
13        Q.   Okay.  And for ease of reference, I'll refer to that
14   as LINA today; is that okay?
15        A.   That's fine.
16        Q.   And what, as you understand it, is LINA's
17   relationship to CIGNA?
18        A.   It's a division.
19        Q.   Division or a subsidiary?
20        A.   I don't know.
21        Q.   Okay.
22        A.   Division is my understanding.
23        Q.   All right.  How long have you been employed by LINA?
24        A.   It will be nine years this June.
25        Q.   And what positions have you held with LINA, starting
```

Page 37

```
1      A.   Okay.

2      Q.   And I have a few questions.

3           There should be in front of you a document
4   marked CIGNA Exhibit 2.

5      A.   Yes.

6      Q.   And turning toward the back, there are documents
7   Bates labeled HL 085 through HL 08- -- through HL 087.

8      A.   I have it.

9      Q.   HL 086 is -- is a -- similar to a document you've
10  seen before. The name there is Dr. Emily Jane Penman on the
11  left -- in the left-hand corner. Do you see that?

12     A.   I do.

13     Q.   Do you know how CIGNA or LINA became aware of
14  Dr. Penman?

15     A.   No, I don't.

16     Q.   And there's a fax number listed there,
17  1-800-325-7016. Do you see that?

18     A.   Yes.

19     Q.   Do you know whether that is a LINA fax or a CIGNA fax
20  number?

21     A.   I don't.

22     Q.   Had you -- did LINA or CIGNA receive this document,
23  HL 086, in its completed form from Ms. Lipscomb or her
24  physicians?

25     A.   No, we did not.
```

Page 38

1    Q.    If you had, it would have been in the claim file?

2    A.    It would have, yes.

3    Q.    And if it had been related to an FMLA claim, you

4 would have transmitted it, as well, to SHPS?

5    A.    No.

6          MR. CRONIN:  Objection.

7          THE WITNESS:  Sorry.

8          MR. CRONIN:  No, that's okay.  I just -- object

9 to the form.

10   Q.    (BY MR. PIATAK)  This document also requested copies

11 of all current test results and office notes from April 2004 to

12 the present?

13   A.    Yes.

14   Q.    Did CIGNA or LINA ever receive all current test

15 results and office notes from April 2004 through the present

16 from Ms. Lipscomb or her health care providers?

17   A.    No.

18   Q.    Would the information provided on this sheet have

19 been sufficient to allow you to approve a claim for short-term

20 disability for Hestal Lipscomb?

21   A.    No, it would not.

22   Q.    Any documents relating to Ms. Lipscomb that were sent

23 to LINA or CIGNA fax numbers would have been placed in the

24 claims file; is that correct?

25   A.    That is --

Page 40

1    A.    860-731-3511.

2    Q.    And if you'd go two pages before that, to LINA 012.

3    A.    I'm sorry. Which page?

4    Q.    LINA 0- -- pardon me -- 010.

5    A.    Okay.

6    Q.    And is this a copy of the letter that you sent?

7    A.    It is.

8    Q.    And you sent this to Ms. Lipscomb?

9    A.    I did.

10   Q.    And is this the form of letter that's sent out when medical information is needed to support a short-term disability benefits claim by an EDS employee?

13   A.    This is a closure letter.

14   Q.    Is there any indication that EDS employees who receive closure letters do not actually receive them if it's sent to them by the United States mail?

17         MR. CRONIN: Object to the form.

18   A.    No.

19   Q.    (BY MR. PIATAK) And this letter indicated that as of June 2nd, 2004, you -- CIGNA or LINA had not received from Ms. Lipscomb or her health care providers confirmation of the surgical procedures she underwent, medical information from Dr. Kraut to support her time off of work, or her signed authorization to release medical information and proof of loss form; is that correct?

Page 41

```
 1      A.   That's correct.
 2      Q.   And those were all accurate statements?
 3      A.   Yes.
 4      Q.   And it also indicated that CIGNA or LINA made an
 5   attempt to contact Ms. Lipscomb by phone on May 27th and
 6   June 1st, 2004. Are those -- do you see that language?
 7      A.   I do.
 8      Q.   And those are also -- that's also an accurate
 9   statement?
10      A.   Yes.
11      Q.   And that on May 27th, 2004, CIGNA or LINA requested
12   that Dr. Kraut provide us with medical information regarding
13   Ms. Lip- -- regarding the treatment for Ms. Lipscomb and the
14   reasons for her being off work?
15      A.   Yes.
16      Q.   And so -- do you see that language in the letter?
17      A.   I do.
18      Q.   And that was also an accurate statement?
19      A.   Yes.
20      Q.   And did you receive any response from Ms. Lipscomb or
21   her physicians in response to this letter?
22      A.   None.
23      Q.   If you'd go to CIGNA Exhibit 3, page 18 of 32.
24      A.   Provider contact?
25      Q.   Right.
```

Page 45

1                    FURTHER EXAMINATION
2   BY MR. CRONIN:
3       Q.   All right.  First, I'd like you to look back at CIGNA
4   No. 3.  And you were just answering some questions for counsel
5   regarding pages -- and we used the page numbers in the upper
6   right-hand corner -- page 18 and page 20.  First, I'd like you
7   to look at 18.
8                If I understand your answers correctly, you were
9   explaining to counsel the meaning of this note dated May 27th,
10  2004, correct?
11      A.   Yes.
12      Q.   Okay.  And I think you described that last sentence
13  as saying there would be a follow-up within 48 working hours.
14      A.   Yes.
15      Q.   48 -- okay.  What does NCM stand for?
16      A.   Nurse case manager.
17      Q.   Which was Sharon Reeves?
18      A.   Yes.
19      Q.   So the plan as of May 27th, 2004, was for her to
20  follow up within 48 working hours?
21      A.   Yes.
22      Q.   Does that mean two days -- two working days?
23      A.   Yes.
24      Q.   Okay.  Now, let's turn to page 20 of 32 in the same
25  exhibit.

Exhibit S


**CIGNA Group Insurance**
Life-Accident-Disability

June 17, 2004

HESTAL LIPSCOMB
3111 W 2ND STREET 1ST FLOOR
WILMINGTON, DE 19805

Re: Leave of Absence Denial

Dear HESTAL LIPSCOMB:

Your 04/20/2004 request for a leave under the Family and Medical Leave Act (FMLA) is denied because our records indicate we have not received a completed Medical Certification within the required time frame. You may still be eligible for FMLA leave, but it could be delayed. If you still want your leave considered for FMLA protection, please submit a Medical Certification within 15 days.

If you have any questions about this leave denial, please call us at the above toll-free number. In addition, you should immediately contact your manager regarding your expected return to the workplace.

Sincerely,


CIGNA Leave Solutions℠

Exhibit T

MAY. 7. 2004 10:54AM   9729077147 CIGNA DALLAS                           NO. 597   P. 1/1

## Facsimile Transmission Cover Sheet



**CIGNA Group Insurance**
Life · Accident · Disability

| Transmit to FAX number | Date | Time (including this sheet): | Total number of pages |
|---|---|---|---|
| 302-428-6403 | 05/07/04 | | 1 |

**To**

Name: **Dr. Emily Jane Penman**
Company:
Phone: 302-428-4413
Address:

**From**

Name: Charlene Crowder
Department
Fax: 1.800.325.7016
Phone: (800) 352-0611, ext. 5686
Address:
D212
12225 Greenville Ave
Suite 1000
Dallas, Texas 75243

Patient: Hestal Lipscomb   DOB: 03/09/64

e are currently evaluating a Short Term Disability claim for the above named patient. In order to make a determination on tending your patients disability benefits we need the following please:

What is the current diagnosis? What was the first date of treatment for current diagnosis? _granular cell tumors_

What is the first day the doctor certified the patient disabled?  Hospitalized/ dates: _4/29/04 - 5/17/04_

What are the current limitations/restrictions that prevent or prevented the patient from working? _multiple skin measuring_

**Please send copies of all current test results and office notes from April 2004 rough the present.**

What are the current treatment plan goals and when do you anticipate a full time return to work? _Return to work 5/17_

What is next office visit? _Will need genetic consulting._

Please list medications and test to be done. _Pain meds over the counter._

ik you for your cooperation in this matter. Should you have any other further questions, please do not hesitate to contact To expedite the processing of the claim, we ask that you respond to our request via facsimile 1.800.325.7016.

rely,
ene Crowder
Manager

_[signature] Kranti 5/19/04_

ONFIDENTIALITY NOTICE: If you have received this facsimile in error, please immediately notify the sender by telephone at the number above. he documents accompanying this facsimile transmission contain confidential information. This information is intended only for the use of the dividual(s) or entity named above. Thank you for your compliance.

SNA Group Insurance products and services are provided exclusively by underwriting subsidiaries of CIGNA Corporation, including Life Insurance Company of North America, JNA Life Insurance Company of New York, and Connecticut General Life Insurance Company. "CIGNA" is used to refer to these subsidiaries and is a registered service mark.

Acknowledgment Requested                         To Fax a reply dial : (800) 325.7016

HL-072

Exhibit U

# MESSAGE CONFIRMATION

06/21/2004 08:55
ID=MARY BETHS OFFICE 4284627

| DATE | S,R-TIME | DISTANT STATION ID | MODE | PAGES | RESULT | |
|---|---|---|---|---|---|---|
| 06/21 | 00'42" | 18003774286 | CALLING | 02 | OK | 0000 |

06/21/2004 08:54 MARY BETHS OFFICE 4284627 → 818003257016 NO.528 001

From: ☐ Sheila Mathis, RN
☐ Alberta Lockhart, MA
☐ Shazl Zodeh, RN
☐ Donna McNee, RN
☐

Re: Hospital [illegible]

Message:

HL-085

Exhibit V

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HESTAL LIPSCOMB, | ) |
|       Lipscomb, | ) ) ) |
| v. | ) ) C.A. No. 05-477-SLR |
| ELECTRONIC DATA SYSTEMS CORPORATION, | ) ) JURY TRIAL DEMANDED ) ) |
|       Defendant. | |

## DECLARATION OF BILLIE ANDRADE

I, Billie Andrade, do hereby declare that:

1.   I am employed as a claims manager for Life Insurance Company of North America ("LINA")

2.   I work at LINA's claims office in Dallas, Texas

3   As a claims manager I have personal knowledge of the fax numbers used in LINA's Dallas office.

4   The number 1-800-377-4286 is not a valid facsimile number for LINA to receive incoming facsimiles

5.   LINA is not able to receive documents faxed to 1-800-377-4286.

6   The number 1-800-325-7016 is not a valid facsimile number for LINA to receive incoming facsimiles.  It is a transposition of 1-800-352-7016, which is a valid LINA facsimile number

7.   LINA is not able to receive documents faxed to 1-800-325-7016.

Pursuant to 28 U.S.C § 1746, I certify, declare, and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on    6/14/2006
                 Date                              Billie Andrade

501089749 1

Exhibit W

```
x  x  x  COMM       ION RESULT REPORT ( MAY. 7. 200   54AM )  x  x  x           P  1
                                                           FAX HEADER:  CIGNA DALLAS

TRANSMITTED/STORED : MAY. 7. 2004 10:53AM
FILE MODE           OPTION         ADDRESS                    RESULT        PAGE
------------------------------------------------------------------------------------
     MEMORY TX                     913024286403--47687        OK            1/1
```

```
REASON FOR ERROR
E-1) HANG UP OR LINE FAIL              E-2) BUSY
E-3) NO ANSWER                         E-4) NO FACSIMILE CONNECTION
```

## Facsimile Transmission Cover Sheet


**CIGNA Group Insurance**
Life · Accident · Disability

| Transmit to FAX number | Date | Time | Total number of pages |
|---|---|---|---|
| 302-428-6403 | 05/07/04 | (including this sheet): | 1 |

**To**

Name: **Dr. Emily Jane Penman**
Company:
Phone: 302-428-4413
Address:

**From**

Name: Charlene Crowder
Department:
Fax: 1.800.325.7016
Phone: (800) 352-0611, ext. 5686
Address: D212
12225 Greenville Ave
Suite 1000
Dallas, Texas 75243

Patient: Hestal Lipcoomb    DOB: 03/09/84

We are currently evaluating a Short Term Disability claim for the above named patient. In order to make a determination on extending your patients disability benefits we need the following please:

What is the current diagnosis? What was the first date of treatment for current diagnosis?

What is the first day the doctor certified the patient disabled?    Hospitalized/ dates: _____

What are the current limitations/restrictions that prevent or prevented the patient from working?

**Please send copies of all current test results and office notes from April 2004 through the present.**

What are the current treatment plan goals and when do you anticipate a full time return to work?

What is next office visit?

Please list medications and test to be done.

Thank you for your cooperation in this matter. Should you have any other further questions, please do not hesitate to contact me. To expedite the processing of the claim, we ask that you respond to our request via facsimile 1.800.325.7016.

Sincerely,
Charlene Crowder
Case Manager
CONFIDENTIALITY NOTICE: If you have received this facsimile in error, please immediately notify the sender by telephone at the number above. The documents accompanying this facsimile transmission contain confidential information. This information is intended only for the use of the individual(s) or entity named above. Thank you for your compliance.

CIGNA Group Insurance products and services are provided exclusively by underwriting subsidiaries of CIGNA Corporation, including Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company. "CIGNA" is used to refer to these subsidiaries and is a registered service mark.

[ ] Acknowledgment Requested

To Fax a reply, dial : (800) 325.7016

LINA-025