IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HESTAL LIPSCOMB, | ) | C.A. No. 05-477-SLR |
| | ) | |
| Plaintiff, | ) | JUDGE SUE R. ROBINSON |
| | ) | |
| v. | ) | Magistrate Judge Thygne |
| | ) | |
| ELECTRONIC DATA SYSTEMS CORPORATION, | ) ) ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING
TAPE RECORDING MADE BY PLAINTIFF'S COUNSEL</u>**

## TABLE OF CONTENTS

|   |   |   | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | LAW AND ARGUMENT | | 1 |
| | A. | The Purported Responses To The Letter Of Plaintiff's Counsel Are Inadmissible Hearsay | 1 |
| | B. | The Purported Responses To The Letter Of Plaintiff's Counsel Cannot Be Authenticated | 2 |
| | C. | Plaintiff's Counsel's Letter And The Purported Responses To It Are Irrelevant | 3 |
| III. | CONCLUSION | | 4 |

# TABLE OF AUTHORITIES

Page

**Cases**

*Culp v. Delaware*, 766 A.2d 486, 489 (Del. 2001) ............................................................. 1

*Junker v. Amana Co., L.P.*, 240 F. Supp. 2d 894, 901-02 (N.D. Iowa 2003) ..................... 4

*Mannhalt v. Reed*, 847 F.2d 576, 581 (9th Cir. 1988) ......................................................... 2

*S.S. v. D.M.*, 597 A.2d 870, 877 (D.C. Ct. App. 1991) ....................................................... 2

*Shipley v. Schlecter*, 2002 Del. C.P. LEXIS 72, ** 2-4 (Del. Ct. Common Pleas Dec. 2, 2002) ............................................................................................................... 2

**Statutes**

Fed. R. Evid. 801(c) ............................................................................................................ 1

## I. INTRODUCTION

Well after the commencement of this case, plaintiff's counsel sent a letter by facsimile to number 1-800-277-4286. Although not a fax number to which plaintiff Hestal Lipscomb ("Lipscomb") was asked to send medical information by defendant Electronic Data Systems Corporation ("EDS") or its third-party benefits administrator (CIGNA), Lipscomb believes that a facsimile transmission sent by Wilmington Hospital on June 21, 2004 may have been received at that number. In response to the faxed letter of plaintiff's counsel, two persons purportedly called plaintiff's counsel and left a voice message for him, identifying themselves as CIGNA employees. Plaintiff's counsel claims he kept these purported voice messages and had them transcribed.

Evidence concerning these events is inadmissible hearsay, cannot be authenticated without testimony from plaintiff's law firm, and is also irrelevant. The Court should therefore exclude all evidence or reference to such evidence at trial relating to plaintiff's counsel's letter faxed to 1-800-377-4286 and any purported response to that letter.

## II. LAW AND ARGUMENT

### A. The Purported Responses To The Letter Of Plaintiff's Counsel Are Inadmissible Hearsay

As an initial matter, the purported responses to the letter of plaintiff's counsel are inadmissible hearsay. Fed. R. Evid. 801(c). Indeed, a tape recording or the transcript of a tape recording is a classic example of hearsay. *See, e.g., Culp v. Delaware,* 766 A.2d 486, 489 (Del. 2001) (statements on tape recording generally constitute hearsay). Moreover, since CIGNA is not a party to this matter, the purported responses to the letter of plaintiff's counsel are not admissible as the statement of a party opponent under Federal Rules of Evidence 801(d)(2). Indeed, even if CIGNA could somehow be considered a "party opponent," Lipscomb has

presented no evidence, apart from the hearsay statements themselves, that the persons who responded to the letter of plaintiff's counsel are in fact employees of CIGNA. Such hearsay should not be admitted into evidence.

### B. The Purported Responses To The Letter Of Plaintiff's Counsel Cannot Be Authenticated

Nor can the purported responses to the letter of plaintiff's counsel be authenticated by Rule 901 of the Federal Rules of Evidence without raising additional problems. The letter sent to 1-800-377-4286 was sent by plaintiff's counsel, and the purported responses that were received were received by plaintiff's counsel's voice mail. Thus, testimony from plaintiff's counsel will be needed for any meaningful attempt at authentication. In addition, if the letter and the purported responses come into evidence, EDS would need to cross-examine plaintiff's counsel. Thus, admission of plaintiff's counsel's letter and the purported responses to that letter will implicate Delaware Lawyer Rule of Professional Conduct 3.7, which prohibits a lawyer acting as an advocate at a trial in which the lawyer is likely to be a necessary witness. *Shipley v. Schlecter*, 2002 Del. C.P. LEXIS 72, ** 2-4 (Del. Ct. Common Pleas Dec. 2, 2002) (attorney was a necessary witness where communications involving attorney at issue in case). Model Rule 3.7 is also implicated where a lawyer is likely to be called as an adverse witness, as well as when a lawyer will need to testify for his client. *See, e.g., S.S v. D.M.*, 597 A.2d 870, 877 (D.C. Ct. App. 1991) (notes that Model Rule 3.7 applies to cross-examination of attorney); *Mannhalt v. Reed*, 847 F.2d 576, 581 (9th Cir. 1988) (accord). Thus, any attempt to authenticate the letter of plaintiff's counsel and the purported responses to that letter will provide EDS with a basis to disqualify plaintiff's counsel from representing plaintiff at trial. Moreover, even if plaintiff's counsel testifies, he is unlikely to be able to authenticate that the voices on the tape are actually employees of CIGNA.

### C. Plaintiff's Counsel's Letter And The Purported Responses To It Are Irrelevant

Plaintiff's counsel's letter and the purported responses also should be excluded from evidence because they are irrelevant and whatever probative value they may have would be outweighed by their prejudicial impact on the jury.

The issue in this case is not whether a facsimile letter sent after the commencement of the case was received at a fax number, 1-800-377-4286, to which Lipscomb was never asked or directed to send medical information. The issue is whether EDS denied Lipscomb her rights under the FMLA or retaliated against her for seeking to take FMLA leave. Whether or not a letter sent by plaintiff's counsel well after Lipscomb's termination and the commencement of the case was received by CIGNA at 1-800-377-4286 is simply irrelevant to that issue.

It is undisputed that CIGNA repeatedly told EDS that it had never received any medical certification from Lipscomb. (Jackson Dep. 12-13, 32-33, 37-39, 79-81, 111; Jackson Decl. ¶ 12; Eaddy Dep. 54).[1] In addition, Lipscomb's manager, Barbara Jackson, met with Lipscomb on three separate occasions to inform her that CIGNA had not received anything supporting her leave, and to urge Lipscomb to obtain the medical certification needed by CIGNA and to send it to CIGNA herself. (Jackson Dep. 32-33, 37-39, 76-79, 80-82, 111; Jackson Decl. ¶¶ 9, 13; Eaddy Dep. 54). Clearly, no reasonable juror could conclude that Jackson would have continued to meet with Lipscomb had either CIGNA or EDS received the certification.

Moreover, even if the one-page form was – unbeknownst to Lipscomb or EDS – actually received by some fax number at CIGNA on June 21, 2004, this scarcely satisfied Lipscomb's personal burden of providing medical certification to EDS. Lipscomb ignored Jackson's

---

[1] All deposition and declaration citations herein can be found at D.I. 36, the Affidavit of Alyssa M. Schwartz

3

instructions to contact CIGNA herself and to send the medical certification to CIGNA herself, and she never even attempted to confirm that CIGNA had received any medical certification from her. (Lipscomb Dep. 56-57, 70). In fact, at her termination meeting, Lipscomb never told Rogers or Jackson that she had sent any medical certification to CIGNA, because she was unaware of the June 21 form when she was terminated. (Lipscomb Dep. 82-85; Rogers Dep. 48-49). Lipscomb's failure to follow Jackson's instructions and to ensure that CIGNA actually received her medical certification bars her FMLA claim. *Junker v. Amana Co., L.P.*, 240 F. Supp. 2d 894, 901-02 (N.D. Iowa 2003) (prohibiting FMLA interference claim where employee failed to contact employer to confirm receipt of FMLA documents).

Indeed, Lipscomb does not argue that CIGNA actually received the one-page sheet purportedly faxed on June 21, 2004. Instead, she argues that it was impossible for her to provide the required medical certification to CIGNA. (D.I. 37) (Plaintiff's Answering Brief in Opposition to Defendant's Motion for Summary Judgment, pp. 30-35). Once again, the issue of whether it was "virtually impossible" for Lipscomb to provide medical certification to CIGNA is not one to which evidence of plaintiff's counsel's letter and the responses to that letter have any relevance. Finally, whatever meager probative value this evidence might have is outweighed by its prejudicial impact, since a jury is likely to attach undue weight to a conclusion that someone responded to a facsimile sent by plaintiff's counsel well after this lawsuit began. For these reasons too, plaintiff's counsel's letter and the purported responses to it should be excluded from evidence.

## III. CONCLUSION

For the foregoing reasons, EDS respectfully requests the Court to exclude from evidence plaintiff's counsel's facsimile letter to 1-800-377-4286 and the purported responses to it.

Of Counsel:
Thomas J. Piatak
Roger G. Trim
Baker & Hostetler LLP
3200 National City Center
1900 East Ninth Street
Cleveland, OH 44114-3485
Telephone: (216) 621-0200

/s/ Richard G. Elliott, Jr.
Richard G. Elliott, Jr. (#687)
elliott@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King St., P.O. Box 551
Wilmington, DE 19899-0551
Telephone: (302) 651-7700

Attorneys for Defendant
Electronic Data Systems Corporation

5