## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HESTAL LIPSCOMB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.  05-477 SLR |
| | ) | |
| ELECTRONIC DATA SYSTEMS | ) | |
| CORPORATION, | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

### PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING TAPE RECORDING MADE BY PLAINTIFF'S COUNSEL

Laurence V. Cronin (ID No. 2385)
Etta R. Wolfe (ID No. 4164)
SMITH, KATZENSTEIN & FURLOW LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Telecopy: 302-652-8405
Email: LVC@skfdelaware.com
Attorneys for Plaintiff

November 21, 2006

10019754.WPD

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     LAW AND ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      A.      The Letter and the Responses to it Are Relevant . . . . . . . . . . . . . . . . . . . . . . . . 2

      B.      The Responses Can Be Authenticated . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      C.      The Responses Are Not Hearsay . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      D.      Defendant Will Suffer No Prejudice From Admission of the
               Letter and Responses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

III.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Link v. Mercedes-Benz of North America, Inc.*,
    788 F.2d 918 (3d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*U.S. v. Gross*,
    511 F.2d 910 (3d Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*U.S. v. Reilly*,
    33 F.3d 1396 (3d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5


**Statues and Other Authorities**                                                                  **Page(s)**

Fed. R. Evid. 401 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Evid. 607 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Fed. R. Evid. 801(d)(2)(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fed. R. Evid. 901 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

1 Charles E. Wagner,
    *Federal Rules of Evidence Case Law Commentary*, 403-113 (2002) . . . . . . . . . . . . . . . 7

1 John William Strong,
    *McCormick on Evidence* § 49 (4th ed. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

2 John William Strong,
    *McCormick on Evidence* § 254 (4th ed. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

22 Charles Alan Wright & Kenneth W. Graham, Jr.,
    *Federal Practice and Procedure: Evidence* § 5177 (4th ed. 1978) . . . . . . . . . . . . . . . . . 4

5 Weinstein's Evidence ¶ 901(b)(4)[04] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## I.    INTRODUCTION[1]

On May 7, 2004, a CIGNA form was sent to plaintiff's physicians. (Cronin Aff. Ex. S).[2] That form included a fax number, 1.800.325.7016. (*Id.*). Plaintiff testified at her deposition that she was shown a fax confirmation sheet by a nurse at Wilmington Hospital after her termination, along with a document that was sent on June 21, 2004, i.e., the STD medical certification signed by Dr. Kraut on May 19, 2004 (Schwartz Aff. Ex. S)[3] and a cover sheet from Wilmington Hospital dated June 21, 2004. (Cronin Aff. Exs. C at 90-95 and S). The message confirmation indicates that the original fax number dialed was 1.800.325.7016, the number indicated on CIGNA's form. (Cronin Aff. Ex. S). A second number also appears on the message confirmation as the "distant station ID." (*Id.*). That number is 1.800.377.4286. (*Id.*).

Through discovery directed to CIGNA, plaintiff attempted to find out whether this "distant station ID" was or was not a valid CIGNA[4] fax number. In response to a subpoena and follow up telephonic and letter requests, CIGNA continually denied (and continues to deny) that the "distant station ID" was a CIGNA (or LINA) number. (Cronin Aff. Exs. F at 43, II and KK; Schwartz Aff.

---

[1] Terms not otherwise defined herein shall have the meanings ascribed to such terms in the Defendant's Memorandum in Support of its Motion in Limine to Exclude Evidence Regarding Tape Recording Made by Plaintiff's Counsel [D.I. 46] (the "Motion").

[2] All references to "Cronin Aff." shall mean the Affidavit of Laurence V. Cronin [D.I. 38] filed in support of Plaintiff's Answering Brief in Opposition to Defendant's Motion for Summary Judgment [D.I. 37] ("Ans. Br.").

[3] All references to "Schwartz Aff." shall mean the Affidavit of Alyssa M. Schwartz in Support of Defendant Electronic Data Systems Corporation's Motion for Summary Judgment [D.I. 36].

[4] The Life Insurance Company of North America, "LINA," appears to be the relevant subsidiary or division of CIGNA Corporation ultimately responsible for administering EDS' benefit claims.

Ex. V). For example, in support of its motion for summary judgment, EDS offers a declaration from

a claims manager at CIGNA, Billie Andrade ("Andrade"). (Schwartz Aff. Ex. V). In her declaration,

Andrade stated that the fax number, 1.800.325.7016, was not a valid fax number because certain

digits had been transposed on CIGNA's form. (Schwartz Aff. Ex. V, ¶¶ 6,7). Andrade also stated

that the "distant station ID" was not a valid fax number for LINA. (Schwartz Aff. Ex. V, ¶ 4).

In an effort to determine the recipient of faxes sent to the "distant station ID," on April 3,

2006, Victoria K. Miller, a legal assistant/secretary employed by Smith, Katzenstein & Furlow LLP,

faxed a letter from plaintiff's attorney (the "Letter") to 1.800.377.4286 that contained the following

message: "Please contact me upon receipt of this fax." (Miller Aff. ¶¶ 1 and 2, Exs. A and B). In

response to that Letter, Mr. Cronin received two voice messages that were subsequently transcribed

and recorded by Ms. Miller (the "Responses"). (Miller Aff. Exs. C and D). One Response was

received on April 3, 2006 and the other on April 4, 2006. (Miller Aff. ¶ 3).

It is the Letter and the Responses that are the subject of the Defendant's Motion. By its

Motion, defendant attempts to have this Court exclude all evidence or reference to evidence of the

Letter or the Responses at trial as inadmissible hearsay, as unauthenticated and irrelevant. The

Motion is without basis and must be denied.

## II.    LAW AND ARGUMENT

### A.    The Letter and the Responses to it Are Relevant.

As a threshold matter, "relevance" is defined as evidence having any tendency to make the

existence of any fact that is of consequence to the determination of the action more probable or less

probable than it would be without the evidence. Fed. R. Evid. 401. Defendant, perhaps

understandably, attempts to undercut the relevance of the Responses. A central issue in this case

(raised repeatedly by the defendant) is what actions plaintiff took to get the appropriate documentation to CIGNA. (Op. Br. at 6, 8-10, 12-13; Reply Br. at 10-12).[5] For example, in its Opening Brief, the defendant states that "...the undisputed facts show that the form was never actually received by CIGNA." (Op. Br. at 12-13). "While an 'OK' designation appears next to another number, 800-377-4286, that number is not a valid CIGNA facsimile number." (*Id.*). Plaintiff argues, *inter alia*, that plaintiff attempted to get CIGNA her medical documentation by having her physician send it directly to CIGNA at a fax number *provided by CIGNA*. (Ans. Br. at 31-32). A fax number that CIGNA now admits was *transposed by CIGNA*. (Schwartz Aff. Ex. V at ¶ 6). However, the fax confirmation sheet indicates that in spite of CIGNA's transposition of the fax number (or possibly because of CIGNA's transposition of the fax number), the fax was successfully transmitted, albeit to the "distant station ID" – a number plaintiff believes is a CIGNA number. (Cronin Aff. Ex. S). The defendant goes to great lengths to establish that the "distant station ID" was not a valid CIGNA fax number. (Op. Br. at 12-13; Schwartz Aff. Ex. V at ¶¶ 4 and 5; Cronin Aff. Ex. F). However, the Letter and Responses belie CIGNA's assertions. The Letter and Responses tend to make more probable the assertion that, for reasons outside of her control, plaintiff's effort to provide CIGNA with information was *frustrated by CIGNA*. The importance of this issue is underscored by Barbara Jackson's testimony that if she had known that CIGNA had received documents regarding plaintiff's medical condition on June 21, 2004, but had simply lost

---

[5] All references to "Op. Br." or "Opening Brief" shall mean the Opening Brief in Support of Defendant Electronic Data Systems Corporation's Motion for Summary Judgment [D.I. 35]. All references to "Reply Br." shall mean Defendant Electronic Data Systems Corporation's Reply Brief in Support of its Motion for Summary Judgment [D.I. 43].

them, plaintiff would not have been terminated. (Jackson Dep. at 36)[6]. Thus, the Letter and Responses are relevant.

Moreover, as set forth below, the Letter and Responses go directly to the credibility of the testimony defendant has proffered including the Andrade Declaration and the Rudeen Deposition. Rebuttal evidence "does involve a distinctive claim of relevance, for the proponent argues that his evidence should be admitted, not because of a logical relationship to the issues framed by the pleadings but because of a relationship between it and evidence already introduced by his opponent." 22 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure: Evidence* § 5177 at 147 (4th ed. 1978). "If evidence of X is relevant, so is evidence of not-X." *Id.* at 148. Alternatively, even if X is not relevant, "[w]hen a party opens up a subject that is not strictly relevant to the case, he cannot complain on appeal if the other side puts on evidence to rebut him." *U.S. v. Gross*, 511 F.2d 910, 918 (3d Cir. 1975).

Accordingly, the defendant's protestations as to the relevance of the Letter and Responses are unfounded.

**B.    The Responses Can Be Authenticated.**

In support of its attempt to exclude the Letter and the Responses, the defendant asserts that the Responses cannot be authenticated pursuant to Fed. R. Evid. 901 without implicating Delaware Lawyer Rule of Professional Conduct 3.7. However, that is simply not true. "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid.

---

[6] Excerpts from the Jackson deposition are attached as Exhibit E to the Cronin Affidavit. Additional pages of the Jackson deposition not previously included in the Cronin Affidavit are attached as Exhibit A hereto.

901(a).  The "burden of proof for authentication is slight." *U.S. v. Reilly*, 33 F.3d 1396, 1404 (3d

Cir. 1994) *citing Link v. Mercedes-Benz of North America, Inc.*, 788 F.2d 918, 927 (3d Cir. 1986).

The Affidavit of Victoria K. Miller has already been offered as authentication that it was the Letter

that was sent, the fact of it being sent, the Responses being received and the substance of those

Responses.  Ms. Miller is available to testify.

Moreover, Ms. Miller need not be a voice identification expert in order to authenticate the

Responses, the content of the Responses themselves provide the necessary foundation.  "A document

or telephone conversation may be shown to have emanated from a particular person by virtue of its

disclosing knowledge of facts known peculiarly to him." *U.S. v. Reilly*, 33 F.3d 1396 at 1404

(internal citations omitted).  "A common aspect of authentication permissible under Rule 901(b)(4)

is the reply doctrine which provides that once a letter, telegram, or telephone call is shown to have

been mailed, sent or made, a letter, telegram or telephone call shown by its contents to be in reply

is authenticated without more." *Id*. at 1407-08 (internal citations omitted).  "Moreover, where letters

[or telegrams] fit into a course of correspondence or a progressive course of action, proof of the

letters' relationship to these events can authenticate any of the letters [or telegrams]." *Id. citing* 5

Weinstein's Evidence ¶ 901(b)(4)[04] at 901-75.

Here, the Letter – a document whose authenticity cannot seriously be questioned – was sent

by Ms. Miller to a fax number that appeared on a fax confirmation sheet produced as evidence in this

case. (Miller Aff. Ex. A; Cronin Aff. Ex. S).  The Responses were received, heard, transcribed and

recorded by Ms. Miller. (Miller Aff. ¶ 3).  The Responses each by their own terms purport to be in

response to the Letter.  (Miller Aff. Exs. C and D).  In fact, Ms. Cook's Response quotes the Letter.

(Miller Aff. Ex. D). Ms. Cook's phone number is the same phone number on CIGNA's letterhead.[7]

Ms. Cook further identified the number where she received the fax as 1.800.642.8553. (Miller Aff.

Ex. D). Ms. Rudeen, a CIGNA representative, testified that this same number was listed on a

website for "CIGNA Disability Management Solutions," apparently another registered service mark

used by CIGNA Corporation's subsidiaries. (Cronin Aff. Exs. F at 50-51 and J). Accordingly, there

can be no question that the Letter and Responses are what the plaintiff purports them to be.

### C.    The Responses Are Not Hearsay.

The Responses are not hearsay pursuant to Fed. R. Evid. 801(d)(2)(D) because they are

statements of a party's agent concerning a matter within the scope of the person's agency. The

defendant states that CIGNA is EDS' "third party administrator for its FMLA and STD plans..." (Op.

Br. at 5). As the entity that administers the claims of EDS employees, CIGNA is an agent of EDS

for those purposes. (Harrington Dep. at 26).[8] Persons purporting to be representatives of CIGNA

called plaintiff's counsel in response to the Letter faxed to a number that other CIGNA

representatives claimed was not a CIGNA number. Neither EDS nor CIGNA has offered an

explanation for this discrepancy but instead have sought to exclude evidence of it. Such approach

is inconsistent with the proposition that admissions "pass the gauntlet of the hearsay rule, which

requires that extra-judicial assertions be excluded if there was no opportunity for the opponent to

cross-examine because it is the opponent's own declaration" and "as opponent [EDS] has the full

---

[7] In fact, Ms. Gunther, senior claim manager for LINA, and Ms. Cook have the same phone number, 1-800-352-0611 except that Ms. Gunther's extension is 7170 and Ms. Cook's is 1284. (Cronin Aff. Exs. GG at 6 and HH; Miller Aff. Ex. D).

[8] Excerpts from the deposition of Patty Harrington ("Harrington Dep.") are attached hereto as Exhibit B.

opportunity to put [it]self on the stand and explain [its] former assertions." 2 John William Strong, *McCormick on Evidence* § 254 at 140 (4th ed. 1992) (internal citations omitted). "A party can hardly object that he had no opportunity to cross-examine himself ..." *Id.* This is equally true here. Should EDS so choose, it can offer a representative of CIGNA to testify about this issue. Thus, the Responses are admissions not subject to the hearsay rule.

Even if the Letter and Responses would not otherwise be admissible, they may be admitted for the purposes of assessing credibility or for impeachment. Fed. R. Evid. 607; *see also* 1 Charles E. Wagner, *Federal Rules of Evidence Case Law Commentary*, 403-113 (2002). Where an issue is relevant to the case to establish a fact of consequence "extrinsic evidence may be introduced disputing the witness' testimony on direct examination or denial of truth of the facts asserted in a question propounded on cross-examination." 1 John William Strong, *McCormick on Evidence* § 49 at 183 (4th ed. 1992). Here, in response to questions from defendant's counsel, Ms. Rudeen, an employee of CIGNA denied that the "distant station ID" was a CIGNA number. Specifically, on May 4, 2006, plaintiff's counsel took the deposition of Ms. Rudeen, a senior claim manager/appeal review claim manager for LINA. (Cronin Aff. Ex. F at 5-6). At that deposition the following dialogue between Ms. Rudeen and defendant's counsel took place:

> Mr. Pitak, Esq.: ...there's a fax number of 1-800-377-4286. To your knowledge, is that a CIGNA or LINA fax number?
>
> Ms. Rudeen: No.

(Cronin Aff. Ex. F at 43). Moreover, defendant relies on the Declaration of Billie Andrade in its Opening Brief. (Op. Br. at 13). Ms. Andrade states that she has personal knowledge of the fax numbers used in LINA's Dallas, Texas office. (Schwartz Aff. Ex. V at ¶ 3). She further states that

"[t]he number 1-800-377-4286 is not a valid facsimile number for LINA to receive incoming facsimiles." (Schwartz Aff. Ex. V at ¶ 4). Finally, in her deposition, when asked by plaintiff's counsel about the "distant station ID," Ms. Gracie Gunther, another CIGNA representative, testified that it was not a CIGNA number. (Cronin Aff. Ex. GG at 20-25). However, in response to plaintiff's Letter, two other individuals, purporting to be employees of CIGNA, by their conduct in responding to the Letter, directly contradict those assertions. Thus, the Letter and Responses are extrinsic evidence admissible to contradict assertions made by the defendant that the "distant station ID" was not a CIGNA number.

### D. Defendant Will Suffer No Prejudice From Admission of the Letter and Responses.

The defendant half-heartedly asserts, without more, that the Letter and Responses will be prejudicial because the jury will likely attach undue weight to them. As set forth above, defendant is free to present evidence to refute the Letter and Responses. Defendant undoubtedly will have a representative of CIGNA prepared to testify. That representative can, if possible, explain the inconsistencies without harm, undue delay or prejudice.

III.    **CONCLUSION**

For the foregoing reasons, plaintiff respectfully asks that Defendant's Motion in Limine to

Exclude Evidence Regarding Tape Recording Made by Plaintiff's Counsel be denied.

SMITH, KATZENSTEIN & FURLOW LLP


Laurence V. Cronin (ID No. 2385)
Etta R. Wolfe (ID No. 4164)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Telecopy: 302-652-8405
Email: LVC@skfdelaware.com
Attorneys for Plaintiff

Date:    November 21, 2006