**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HESTAL LIPSCOMB, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ELECTRONIC DATA SYSTEMS )<br>CORPORATION, )<br>a Delaware Corporation, )<br>    Defendant. ) | C.A. No. 05-477 SLR<br><br><br>JURY TRIAL DEMANDED |

**PRETRIAL ORDER**

COME NOW Plaintiff and Defendant, by and through their undersigned counsel, hereby stipulate and agree as follows:

**I.      NATURE OF THE ACTION**

This is an action in which plaintiff alleges that her rights under the Family and Medical Leave Act ("the FMLA") were violated by her former employer, Electronic Data Systems Corporation ("EDS"). Plaintiff alleges that defendant interfered with her rights under the FMLA by failing to provide her with the required notice that a medical certification would need to be submitted in connection with her medical leave, and then terminating her. Plaintiff also alleges that EDS violated her rights under the FMLA by retaliating against her for having requested medical leave.

Defendant denies that plaintiff was entitled to FMLA leave or that it interfered with plaintiff's FMLA rights or retaliated against plaintiff for attempting to exercise them. Defendant asserts that plaintiff was not entitled to FMLA leave because, despite her employer's request, she failed to provide an FMLA certification substantiating her leave. Defendant states that plaintiff's retaliation claim fails because there is no causal

connection between plaintiff's termination and her attempt to exercise FMLA rights. Defendant also states that plaintiff's retaliation claim fails because it engaged in numerous, good faith efforts to secure FMLA status for her leave.

## II.   BASIS OF FEDERAL JURISDICTION

The plaintiff brought this action pursuant to 29 *U.S.C.A.* §2617(a)(1) and (3); therefore, subject matter jurisdiction is conferred by 29 *U.S.C.A.* §2617(a)(2) and 29 *U.S.C.A.* §1331.

## III.   STATEMENT OF STIPULATED FACTS

1. Lipscomb worked for EDS from July 29, 2002 until July 13, 2004.

2. EDS is an information technology company that employs about 120,000 people around the world.

3. The EDS Delaware Healthcare Services Account is the fiscal agent for the Delaware Medical Assistance Program providing support to certain of its programs.

4. When Lipscomb was first hired by EDS, it had approximately 80 - 85 employees at the Delaware facility. In the two years she was there, plaintiff worked in the mail room.

5. While she was employed by EDS, Lipscomb's "team leader" in the mail room was Linda Jackson, while her immediate supervisor was Tracey Eaddy. Eaddy reported to Barbara Jackson, who was claim manager at the Delaware facility in 2004. At all times relevant, Barbara Jackson reported to Lance Rogers, whose title in 2004 was

client delivery executive.

6.   The practice at EDS in 2003 and 2004 was that when an employee needed to be out of the office for medical reasons, she would tell her team leader, who would then inform the supervisor. If Lipscomb was expected to be out five or more days for medical reasons, her supervisor Eaddy would then contact "CIGNA."

7.   EDS does not have "sick time" for salaried employees like Lipscomb. Instead, EDS simply "monitors" all absences due to illness not covered by FMLA or STD, but does not otherwise subject employees to any particular limitation.

## IV.   ISSUES OF FACT AND LAW REMAINING TO BE LITIGATED

### A.   Plaintiff's Issues of Fact and Law

1.   Whether defendant interfered with plaintiff's attempt to seek medical leave under the FMLA?

2.   Whether defendant retaliated against plaintiff for seeking leave under the FMLA?

3.   Whether plaintiff is entitled to liquidated damages?

4.   Whether plaintiff is entitled to reinstatement?

### B.   Defendants' Issues of Fact and Law

1.   Whether defendant interfered with plaintiff's attempt to seek medical leave under the FMLA?

2.   Whether defendant retaliated against plaintiff for seeking leave under the FMLA?

**V.      EXHIBIT LISTS**

    **A.      Plaintiff's Exhibits**

        1.   EDS 2004 Benefits Handbook. (EDS Dep. Ex. 5).

        2.   Physician's note for Hestal Lipscomb dated 5/10/04. (EDS II 00033).

        3.   Email from Barbara Jackson to Niki Pereira dated 7/13/04. (EDS II 00162).

        4.   Physician's note for Hestal Lipscomb dated 4/9/03. (EDS II 00034).

        5.   Email from Lance Rogers to Barbara Jackson dated 7/13/04. (EDS II 00255).

        6.   Faxed Physician's note for Hestal Lipscomb dated 4/19/04. (Lipscomb Dep. Ex. E). Objection – Relevance, Fed. R. Evid. 402, Fed. R. Evid. 403, Authentication, Fed. R. Evid. 901.

        7.   Fax Cover Sheet and Confirmation Sheet dated 5/20/04. (HL0083-84).

        8.   CIGNA Fax Cover Sheet. (Lipscomb Dep. Ex. N).

        9.   Fax Cover Sheet and Confirmation Sheet dated 6/21/04. (Lipscomb Dep. Ex. P).

        10.  EDS Documents Relating to termination of Roberta McWilliams. (EDS Dep. Ex. 1). Objection – Relevance, Fed. R. Evid. 402, Fed. R. Evid. 403.

        11.  Testimony of Barbara Jackson as contained in the Transcript of Unemployment Insurance Appeal Board. (EDS Dep. Ex. 2). Objection – Relevance, Fed. R. Evid. 402, Fed. R. Evid. 403.

        12.  EDS Performance Assessment of Hestal Lipscomb. (EDS II 00179 - 186). Objection – Relevance, Fed. R. Evid. 402, Fed. R. Evid. 403.

        13.  EDS Documents dated July 9, 2004 relating to Hestal Lipscomb's Attendance Improvement Plan. (EDS II 00043 - 51).

14. Email from Tracey Eaddy to Barbara Jackson dated June 17, 2004. (EDS II 00265).

15. Email from Linda Jackson to Tracey Eaddy and Barbara Jackson dated May 10, 2004. (EDS II 00277).

16. Email from Barbara Jackson to Christine Cornwell dated June 17, 2004. (EDS II 00042).

17. Chart Document from Wilmington Hospital. (HL-078). Objection – Relevance, Fed. R. Evid. 402, Fed. R. Evid. 403, Authentication, Fed. R. Evid. 901.

18. Documents Produced by CIGNA in response to subpoena and follow up correspondence. (CIGNA Dep. Exs. 1-4). Objection – Relevance, Fed. R. Evid. 402, Fed. R. Evid. 403, Authentication, Fed. R. Evid. 901.

19. EDS Delaware Healthcare Services Account Handbook. (EDS Dep. Ex. 4).

20. CIGNA Letter addressed to Lipscomb dated May 4, 2004. (EDS I 00128 - 29).

21. CIGNA Letter addressed to Lipscomb dated June 2, 2004. (Lipscomb Dep. Ex. K.).

22. Barbara Jackson Chronology. (EDS II 00254 - 255).

23. Fax confirmation sheet dated June 21, 2004. (HL-085).

24. Declaration of Billie Andrade dated June 14, 2006. Objection – Relevance, Fed. R. Evid. 402, Fed. R. Evid. 403.

25. Chart demonstrating damages suffered by plaintiff. (To be produced).

26. Defendant's Response to Plaintiffs First Set of Interrogatories. (EDS Dep. Exs. 7 and 8). Objection – Relevance, Fed. R. Evid. 402, Fed. R. Evid. 403.

27. Defendant's Initial Disclosures. (EDS Dep. Ex. 11). Objection – Relevance, Fed. R. Evid. 402, Fed. R. Evid. 403.

28. Letter dated April 3, 2006 from Laurence V. Cronin with fax confirmation sheet. (CIGNA Dep. Ex. 5). Objection, see Motion

in Limine.

29. Transcript (and tape) of telephone message left by Elizabeth Williams of CIGNA Group Disability dated April 3, 2006. (CIGNA Dep. Ex. 6). Objection, see Motion in Limine.

30. Transcript (and tape) of telephone message left by Janice Cook of CIGNA Insurance dated April 4, 2006. (CIGNA Dep. Ex. 7). Objection, see Motion in Limine.

31. Print out from CIGNA website. (CIGNA Dep. Ex. 8).

32. Delaware Department of Labor Doctor's Certificate dated August 12, 2004.

B. **Defendants' Exhibits**

1. Excerpts from plaintiff's deposition.

2. Excerpts from EDS' Delaware Account Handbook.*

3. Handbook Acknowledgement signed by plaintiff.

4. April 7, 2003 letter from MetLife Synchrony to plaintiff (Lipscomb Dep. Exh. D).

5. Plaintiff's 2003 attendance log.

6. Plaintiff's 2004 attendance log.

7. Letters from Synchrony to plaintiff dated April 10, 2003.

8. Letter from CIGNA Group Insurance to plaintiff dated April 21, 2004. (Objection: FRE 402, 403 and 901).

9. Excerpts from EDS' 2004 Employee Benefits Handbook.*

10. Letter from CIGNA Group Insurance to plaintiff dated May 4, 2004.

11. Plaintiff's return to work form dated May 17, 2004.*

12. Letter from CIGNA Group Insurance to plaintiff dated May 20, 2004 (EDS II 254-254a). (Objection: FRE 402, 403 and 901).

13. Letter from CIGNA Group Insurance to plaintiff dated June 2, 2004.

14. Termination log relating to plaintiff's separation from defendant (EDS II 254-254a).

15. Letter from CIGNA Group Insurance to plaintiff dated June 17, 2004. (Objection: FRE 402, 403 and 901).

16. Short Term Disability Benefits Cover Sheet.*

17. Fax Confirmation Sheet dated June 21, 2004.*

18. Fax from CIGNA Group Insurance dated May 7, 2004.*

19. Plaintiff's Response to Defendant's First Set of Interrogatories.

20. Plaintiff's Response to Defendant's Request for Production of Documents.

21. Plaintiff's Complaint. (FRE 402, 403).

22. Plaintiff's affidavit. (For impeachment purposes only).

23. Draft of Attendance Improvement Plan for plaintiff.*

24. Lance Rogers summary of termination (Cronin Aff. Exh. N; EDS II 00225).

25. Lipscomb Dep. Exh. Q.

26. HL 086.

* Plaintiff reserves the right to object to the admissibility of this exhibit, once it has been produced by defendant for inspection.

## VI. WITNESS LISTS

### A. Plaintiff's Witness List

1. Hestal Lipscomb

2. Barbara Jackson

      3.      Lance Rogers

      4.      Tracey Eaddy

      5.      Linda Jackson

      6.      Patty Harrington (by deposition if the witness does not appear at trial)

      7.      Gracie Gunther (by deposition if the witness does not appear at trial)

      8.      Christine Cornwell (by deposition if the witness does not appear at trial)

      9.      Kimberlee Rudeen (by deposition if the witness does not appear at trial)

      10.      Records Custodian – Wilmington Hospital

      11.      Seyedmehdi Jadali, M.D.
324 E. Main Street
Suite 204
Newark, DE 19711 (Defendant objects to Dr. Jadali's testimony).

      12.      Victoria Miller – Objection, see Motion in Limine.

**B.**      **Defendants' Witness List**

      1.      Hestal Lipscomb

      2.      Barbara Jackson

      3.      Lance Rogers

      4.      Tracey Eaddy

      5.      Patty Harrington (by deposition if the witness is not available for trial)

      6.      Gracie Guenther (by deposition if the witness is not available for trial)

      7.      Christine Cornwell (by deposition if the witness is not available for trial)

8. Kimberly Rudeen (by deposition if the witness is not available for trial)

9. Billie Andrade

10. Custodian of Records for CIGNA Ability Returns. (Plaintiff objects to the testimony of this witness since there have been no records produced in this litigation by the entity that describes itself as "CIGNA Ability Returns.")

11. Custodian of Records for EDS

## VII. STATEMENT OF WHAT EACH PARTY INTENDS TO PROVE AT TRIAL

### A. Plaintiff

Plaintiff intends to prove that defendant failed to provide her with proper notice of the need for a medical certification to support her request for leave covered by the FMLA, and that it then retaliated against her by terminating her employment.

### B. Defendant

Defendant will show that plaintiff was not entitled to FMLA leave because she never provided a valid medical certification supporting her leave, despite being requested to do so by defendant. Defendant will also show that it did not retaliate against plaintiff for attempting to exercise her FMLA rights, but rather engaged in numerous, good faith efforts to secure FMLA status for her leave.

## VIII. COUNTER-CLAIMANT'S OR CROSS-CLAIMANT'S STATEMENTS

None.

## IX. AMENDMENT OF THE PLEADINGS

None.

X.  **CERTIFICATION REGARDING SETTLEMENT DISCUSSIONS**

The parties have engaged in settlement discussions through mediation. Those efforts were unsuccessful and there are no ongoing discussions.

XI.  **OTHER MATTERS**

None.

                                    SMITH, KATZENSTEIN & FURLOW LLP

                                    /s/ Laurence V. Cronin            .
Laurence V. Cronin (ID No. 2385)
800 Delaware Ave., 7th Floor
P.O. Box 410
Wilmington, DE 19899 (courier 19899)
Telephone: 302-652-8400
Facsimile: 302-652-8405
Attorneys for plaintiff

RICHARDS, LAYTON & FINGER, P.A.

        /s/ Alyssa M. Schwartz            .
Alyssa M. Schwartz (ID No. 4351)
920 King Street,
P.O. Box 551
Wilmington, DE 19899-0551
Telephone: 302-651-7756
Facsimile: 302-651-7701
Attorneys for defendant