# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| HESTAL LIPSCOMB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.  05-477 SLR |
| | ) | |
| ELECTRONIC DATA SYSTEMS | ) | |
| CORPORATION, | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## PROPOSED JOINT JURY INSTRUCTIONS

Laurence V. Cronin (ID No. 2385)
SMITH, KATZENSTEIN & FURLOW LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Facsimile: 302-652-8405
Email: LVC@skfdelaware.com
Attorneys for Plaintiff

Alyssa M. Schwartz (ID No. 4351)
RICHARDS, LAYTON & FINGER, P.A.
920 King Street
P.O. Box 551
Wilmington, DE 19899-0551
Telephone: 302-651-7756
Facsimile: 302-651-7701
Email: schwartz@rlf.com
Attorneys for Defendant

November 22, 2006

10019928.WPD

## TABLE OF CONTENTS

Page

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. JURORS' DUTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. THE PARTIES AND THEIR CONTENTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV. ALL PERSONS AND ORGANIZATIONS ARE EQUAL BEFORE THE LAW . . 4

V. EVIDENCE DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

VI. CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

VII. DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . 7

VIII. NOT REQUIRED TO PUT IN ALL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . 8

IX. CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

X. NUMBER OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

XI. BURDEN OF PROOF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

XII. DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

XIII. EFFECT OF INSTRUCTIONS AS TO DAMAGES . . . . . . . . . . . . . . . . . . . . . . 13

XIV. DELIBERATION AND VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

XV. DUTY TO DELIBERATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

XVI. UNANIMOUS VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

XVII COURT HAS NO OPINION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

10019928.WPD

# I. INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain some rules that you must use in evaluating particular testimony and evidence. I will explain the positions of the parties and the law you will apply in this case. Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return. Please listen very carefully to everything I say.

*Collier v. Target Stores Corp.,* C.A. No. 03-1144 SLR (April 26, 2005)

10019928.WPD

## II. JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if plaintiff has carried her burden to prove that the defendant is liable. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

*Collier v. Target Stores Corp.*, C.A. No. 03-1144 SLR (April 26, 2005)

### III. THE PARTIES AND THEIR CONTENTIONS

The parties in this case are Hestal Lipscomb, who is plaintiff, and her former employer, Electronic Data Systems Corporation, who is defendant.

Plaintiff was employed by defendant from July 29, 2002 until July 13, 2004. Plaintiff alleges that defendant interfered with and also retaliated against her for taking leave under the Family and Medical Leave Act, which I shall refer to as the "FMLA."

Defendant denies that it interfered with or retaliated against plaintiff in connection with her attempt to take leave under the FMLA.

---

*Collier v. Target Stores Corp.,* C.A. No. 03-1144 SLR (April 26, 2005), as modified.

## IV.  ALL PERSONS AND ORGANIZATIONS ARE EQUAL BEFORE THE LAW

In your deliberations, you must not consider the fact that plaintiff is an individual while defendant is a corporation.  A corporation is entitled to the same fair trial as a private individual.  All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.  This means you should not favor plaintiff over defendant.  The status of plaintiff and defendant as individuals or corporations should not affect your decisions in any way.

*Collier v. Target Stores Corp.*, C.A. No. 03-1144 SLR (April 26, 2005)

## V.  EVIDENCE DEFINED

You must make your decisions based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decisions in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed. Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

*Collier v. Target Stores Corp.,* C.A. No. 03-1144 SLR (April 26, 2005)

## VI.  CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

*Collier v. Target Stores Corp.,* C.A. No. 03-1144 SLR (April 26, 2005)

## VII.  DIRECT AND CIRCUMSTANTIAL EVIDENCE

You may have heard the terms direct evidence and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

*Collier v. Target Stores Corp.,* C.A. No. 03-1144 SLR (April 26, 2005)

## VIII.  NOT REQUIRED TO PUT IN ALL EVIDENCE

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require any party to produce as exhibits all paper, documents, or objects mentioned in the evidence of the case.

*Collier v. Target Stores Corp.,* C.A. No. 03-1144 SLR (April 26, 2005)

## IX.  CREDIBILITY OF WITNESSES

You, as jurors, are the sole judges of the credibility, or the believability, of the witnesses and of the value, weight, and sufficiency of their testimony.

You should carefully consider all of the testimony that has been given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness' motive, state of mind, demeanor, and manner while on the stand.  Consider the witness' ability to observe the matters to which he or she has testified, and whether that witness impresses you as having an accurate recollection of those matters.  Consider also any relationship each witness may have to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which (if at all) the testimony of each witness is either supported or contradicted by other evidence in the case.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have the right to distrust such witness' testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth.  People may forget some things or remember other things inaccurately.  If a witness has made a misstatement, you must consider whether it concerns an important fact or an unimportant fact.

*Collier v. Target Stores Corp.,* C.A. No. 03-1144 SLR (April 26, 2005)

10019928.WPD                                                              9

## X. NUMBER OF WITNESSES

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses which does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence which does produce such belief in your minds.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

This is not to say that the party who brings the greater number of witnesses, or presents the greater quantity of evidence, may not have the more compelling case. Regardless of numbers and quantity, it is the party which presents the more accurate, truthful and convincing evidence for whom you should return your verdict.

*Collier v. Target Stores Corp.*, C.A. No. 03-1144 SLR (April 26, 2005)

## XI.  BURDEN OF PROOF

This is a civil case.  Plaintiff has the burden of proving her claims and damages by what is called a preponderance of the evidence.  To establish something by a preponderance of the evidence means to prove that something is more likely true than not.  To find that a party has proven something by a preponderance of the evidence, you must conclude that the evidence, when considered and compared with the evidence opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.

The preponderance of the evidence does not depend on the number of witnesses, but upon the weight of the testimony.  If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party.  In determining whether any facts in issue have been proven by plaintiff, you may consider the testimony of all witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

*Collier v. Target Stores Corp.*, C.A. No. 03-1144 SLR (April 26, 2005)

## XII.  DAMAGES

If you find in favor of plaintiff on her FMLA claim, then you must award plaintiff such sum as you find by the preponderance of the evidence will fairly and justly compensate plaintiff for any wages you find plaintiff would have earned in her employment with defendant if she had not been terminated on July 13, 2004, minus the amount of earnings and benefits from other employment received by plaintiff during that time.

You are also instructed that plaintiff has a duty under the law to "mitigate" her damages, that is, to exercise reasonable diligence under the circumstances to minimize her damages.  Therefore, if you find by the preponderance of the evidence that plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to her, you must reduce her damages by the amount of the wages she reasonably would have earned if she had sought out or taken advantage of such opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture, and you must not award damages under this instruction by way of punishment or through sympathy.

*Collier v. Target Stores Corp.,* C.A. No. 03-1144 SLR (April 26, 2005), as modified.

## XIII.  EFFECT OF INSTRUCTIONS AS TO DAMAGES

The fact that I have instructed you about the proper measure of damages should not be considered as my suggesting which party is entitled to your verdict in this case. Instructions about the measure of damages are given for your guidance only if you find that any award of damages is appropriate.

*Collier v. Target Stores Corp.,* C.A. No. 03-1144 SLR (April 26, 2005)

## XIV. DELIBERATION AND VERDICT

Let me conclude these proceedings by explaining some things about your deliberations in the jury room, and your possible verdict.

You can only deliberate when all jurors are present in the room. Once you start deliberating, do not talk to the jury officer, to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I will talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is juror No. 1.

One more thing about messages. Do not ever write down or tell anyone how you stand on your vote. For example, do not write down or tell anyone that you are split 6-1, or 4-3, or whatever your vote happens to be. That should stay a secret until you are finished.

*Collier v. Target Stores Corp.,* C.A. No. 03-1144 SLR (April 26, 2005)

## XV. DUTY TO DELIBERATE

When you retire to the jury room, you will be free to talk about the case. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each others' views, and keep an open mind as you listen to what your fellow jurors have to say.

Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that, your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

If any of you took notes, notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

If you did not take notes, you should rely upon your own memory of what was said and not be overly influenced by the notes of other jurors.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say, so you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if plaintiff has carried her burden of proof on all the elements of her case, as I have just described them.

*Collier v. Target Stores Corp.,* C.A. No. 03-1144 SLR (April 26, 2005)

## XVI. UNANIMOUS VERDICT

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will fill in, date, and sign the form. You will then return to the courtroom and your foreperson will hand your verdict to the clerk.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

*Collier v. Target Stores Corp.*, C.A. No. 03-1144 SLR (April 26, 2005)

## XVII.  COURT HAS NO OPINION

Let me repeat something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You must decide the case yourselves based on the evidence presented.

*Collier v. Target Stores Corp.,* C.A. No. 03-1144 SLR (April 26, 2005)

SMITH, KATZENSTEIN & FURLOW LLP


    /s/ Laurence V. Cronin
Laurence V. Cronin (ID No. 2385)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Facsimile: 302-652-8405
Email: LVC@skfdelaware.com
Attorneys for Plaintiff


RICHARDS, LAYTON & FINGER, P.A.


    /s/ Alyssa M. Schwartz
Alyssa M. Schwartz (ID No. 4351)
920 King Street
P.O. Box 551
Wilmington, DE 19899-0551
Telephone: 302-651-7756
Facsimile: 302-651-7701
Email: schwartz@rlf.com
Attorneys for Defendant