## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HESTAL LIPSCOMB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No.  05-477 SLR |
| ) | |
| ELECTRONIC DATA SYSTEMS ) | |
| CORPORATION, ) | |
| a Delaware Corporation, ) | |
| ) | |
| Defendant. ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

>Laurence V. Cronin (ID No. 2385)
>SMITH, KATZENSTEIN & FURLOW LLP
>800 Delaware Avenue, 7th Floor
>P.O. Box 410
>Wilmington, DE 19899 (Courier 19801)
>Telephone: 302-652-8400
>Telecopy: 302-652-8405
>Email: LVC@skfdelaware.com
>Attorneys for Plaintiff

November 22, 2006

10019935.WPD

**TABLE OF CONTENTS**

Page

I.  AGENCY ADMITTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  FAMILY AND MEDICAL LEAVE ACT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  FAMILY AND MEDICAL LEAVE ACT – SERIOUS HEALTH CONDITION . . 3

IV.  FAMILY AND MEDICAL LEAVE ACT – MEDICAL CERTIFICATION . . . . . . 4

V.  FAMILY AND MEDICAL LEAVE ACT – INTERFERENCE . . . . . . . . . . . . . . . . . 6

VI.  FAMILY AND MEDICAL LEAVE ACT - RETALIATION . . . . . . . . . . . . . . . . . . 8

## I.  AGENCY

At all times relevant to this litigation, Barbara Jackson, Tracey Eaddy and Lance Rogers were employees acting within the scope of their employment and were the agents of defendant Electronic Data Systems Corporation.  Likewise,  the Life Insurance Company of North America (also referred to as LINA and CIGNA) and SHPS were also agents of defendant for purposes of administering FMLA leave of defendant's employees.

As a matter of law, therefore, defendant is equally responsible with all of its agents for any acts or omissions they may have committed at the time of the events at issue.

*Collier v. Target Stores Corp.,* C.A. No. 03-1144 SLR (April 26, 2005), as modified.

## II. FAMILY AND MEDICAL LEAVE ACT

Plaintiff claims that defendant interfered with her rights under the FMLA and retaliated against her for seeking FMLA leave. The FMLA provides for up to twelve weeks of leave to an eligible employee in a twelve-month period for certain qualifying circumstances.

The FMLA makes it unlawful for any employer to interfere with, restrain, or deny the exercise or the attempt to exercise, any right provided under the FMLA or to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by the FMLA. This means it is unlawful for an employer to use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions.

In order to prove her claim under the provisions of the FMLA, the burden is upon plaintiff to establish that defendant violated the FMLA. If you determine that plaintiff has not established, by a preponderance of the evidence, that defendant violated the FMLA, then you need not proceed to determine what damages (if any) plaintiff suffered as a result of the violation. However, if you determine that plaintiff has established, by a preponderance of the evidence, that defendant violated the FMLA, then you must proceed to determine what damages (if any) plaintiff suffered as a result of the violation.

*Collier v. Target Stores Corp.,* C.A. No. 03-1144 SLR (April 26, 2005), as modified.

10019935.WPD                                                      2

**III. FAMILY AND MEDICAL LEAVE ACT – SERIOUS HEALTH CONDITION**

For purposes of this case, a serious health condition entitling Lipscomb to FMLA leave means an impairment that involves continuing treatment by a health care provider. A serious health condition involving continuing treatment by a health care provider includes a period of incapacity (such as the inability to work) of more than three consecutive calendar days and subsequent period of incapacity relating to the same condition that also involves treatment two or more times by a health care provider or treatment by a health care provider on at least one occasion which results in a regimen of continuing treatment under the supervision of the health care provider. A regimen of continuing treatment, includes, for example, a course of prescription medication.

29 C.F.R. § 825.114

## IV. FAMILY AND MEDICAL LEAVE ACT - MEDICAL CERTIFICATION

An employer may require that an employee's leave due to the employee's own serious health condition be supported by a certification issued by the health care provider of the employee. An employer must give written notice of a requirement for medical certification each time a certification is required. Such written notice must detail the specific expectations and obligations of the employee and explain any consequences of a failure to meet these obligations.

In most cases, the employer should request that an employee furnish certification from a health care provider at the time the employee gives notice of the need for leave or within two business days thereafter, or, in the case of unforeseen leave, within two business days after the leave commences. The employer may request certification at some later date if the employer later has reason to question the appropriateness of the leave or its duration. If an employer fails to provide proper written notice of the need for a medical certification, the employer may not take action against an employee for failure to comply with a request for a medical certification.

In addition, the employer shall advise an employee whenever the employer finds a certification incomplete, and provide the employee a reasonable opportunity to cure any such deficiency. Finally, if the employer's sick or medical leave plan imposes medical certification requirements that are less stringent than the certification requirements of these regulations, and the employee or employer elects to substitute paid sick, vacation, personal or family leave for unpaid FMLA leave where authorized, only the employer's less stringent

sick leave certification requirements may be imposed.

29 C.F.R. §§ 825.301 and 825.305

## V.  FAMILY AND MEDICAL LEAVE ACT – INTERFERENCE

Plaintiff claims that defendant interfered with her right to take unpaid leave from work under the Family and Medical Leave Act.

To prevail on this claim, plaintiff must prove all of the following by a preponderance of the evidence:

First:  Plaintiff had surgery to remove granula cell tumors that required her to be away from work after the surgery;

Second:  This condition was a "serious health condition," defined in the statute as an illness, injury, impairment or physical or mental condition that involves either 1) inpatient care in a hospital or other care facility, or 2) continuing treatment by a health care provider.

Third:  Plaintiff gave appropriate notice of her need to be absent from work.

Fourth: Defendant interfered with the exercise of plaintiff's right to unpaid leave. Under the FMLA, "interference" can be found in a number of ways, including:

1)      terminating employment; and

2)      failing to provide an employee who gives notice of the need for a leave a written notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations.

I instruct you that you do not need to find that defendant intentionally interfered with plaintiff's right to unpaid leave. The question is not whether defendant acted with bad intent, but rather whether plaintiff was entitled to a leave and defendant interfered with the exercise of that leave.

THIRD CIRCUIT MODEL JURY INSTRUCTIONS (CIVIL), 2006

### VI.  FAMILY AND MEDICAL LEAVE ACT - RETALIATION

To prevail on her claim under the FMLA in this case for retaliation, plaintiff must prove by a preponderance of the evidence each of the following elements:

(1) She engaged in an activity protected by the FMLA;

(2) She suffered an adverse employment action; and

(3) That a causal connection exists between the adverse employment action and the exercise of plaintiff's rights under the FMLA.

While defendant admits that plaintiff was terminated, she must also prove that her discharge was related to her attempt to take leave under the FMLA. Plaintiff is not required to produce direct evidence that her FMLA leave motivated defendant's actions. Plaintiff also need not prove that her FMLA leave was the sole or exclusive reason for the working conditions permitted by defendant. However, plaintiff bears the burden at all times of showing by a preponderance of the evidence that her attempt to take FMLA leave played a role in defendant's decision-making process and that it was a motivating or determinative factor in the outcome of that process.

Your verdict must be for defendant if any of the above elements have not been proven by a preponderance of the evidence.

If plaintiff has proven facts that establish by a preponderance of the evidence each of the essential elements of her FMLA claim, then you must consider whether defendant has presented any legitimate, nonretaliatory reasons for its actions. Defendant's burden is simply to state a legitimate, nonretaliatory reason. Defendant has a right to make business

judgments. You should not find that defendant's actions were unlawful just because you disagree with its stated reasons or because the challenged employment actions seem harsh or unreasonable.

However, you are entitled to infer, but need not infer, that plaintiff's FMLA leave was a motivating or determining factor in defendant's actions if you find that plaintiff has proven her initial case and you disbelieve defendant's explanation for its actions. Some factors you can consider in judging the evidence in this regard include the following:

(1) Whether there are weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in defendant's proffered legitimate reasons such that you find the reasons unworthy of credence.

(2) The specific sequence of events leading up to the challenged decisions.

(3) Departures from the normal procedural sequence.

(4) Whether the factors usually considered important by the decision makers strongly favor a decision contrary to the one reached.

*Collier v. Target Stores Corp.,* C.A. No. 03-1144 SLR (April 26, 2005), as modified.

SMITH, KATZENSTEIN & FURLOW LLP


　　　/s/ Laurence V. Cronin
Laurence V. Cronin (ID No. 2385)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Facsimile: 302-652-8405
Email: LVC@skfdelaware.com

Attorneys for plaintiff