## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HESTAL LIPSCOMB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-477-SLR |
| | ) |
| ELECTRONIC DATA | ) |
| SYSTEMS CORPORATION, | ) |
| a Delaware Corporation, | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |
| | ) |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Richard G. Elliott, Jr. (#687)
elliott@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551
(302) 651-7700
Attorneys for Defendant

OF COUNSEL:

Thomas J. Piatak
Roger G. Trim
Baker & Hosteltler LLP
3200 National City Center
1900 East Ninth Street
Cleveland, OH 44114-3485
(216) 621-0200

Dated: November 22, 2006

Defendant Electronic Data Systems Corporation ("EDS") hereby submits these proposed Jury Instructions for use at the jury trial in this case. While the parties are submitting joint jury instructions, the parties have not been able to agree on all of the instructions and are submitting separate supplemental instructions. EDS reserves the right to modify or supplement these proposed instructions before and during trial. Further, EDS reserves the right to submit proposed interrogatories to the jury.

EDS is submitting these instructions in the event that all or a portion of plaintiff's claims are submitted to the jury and does not waive any right to seek a directed verdict and/or other means of dismissal with respect to any or all claims.

Should any paragraph or sentence of these requested instructions be held by this Court to be inappropriate, EDS asks that the remainder of the instructions be given, and also asks that an opportunity to consider modifying the instructions be given.

# I. **FAMILY AND MEDICAL LEAVE ACT**

Plaintiff claims that defendant interfered with her rights under the FMLA and retaliated against her for seeking FMLA leave. Defendant denies that it interfered with plaintiff's FMLA rights or retaliated against her for seeking FMLA leave. The FMLA provides for up to twelve weeks of leave to an eligible employee in a twelve-month period for certain qualifying circumstances.

The FMLA makes it unlawful for any employer to interfere with, restrain, or deny the exercise or the attempt to exercise, any right provided under the FMLA or to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by the FMLA. This means it is unlawful for an employer to use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions.

In order to prove her claim under the provisions of the FMLA, the burden is upon plaintiff to establish that she qualified for FMLA leave and that defendant violated the FMLA. If you determine that plaintiff has not established, by a preponderance of the evidence, that she qualified for FMLA leave or that defendant violated the FMLA, then you need not proceed to determine what damages (if any) plaintiff suffered as a result of the violation. However, if you determine that plaintiff has established, by a preponderance of the evidence, that she qualified for FMLA leave and that defendant violated the FMLA, then you must proceed to determine what damages (if any) plaintiff suffered as a result of the violation.

Collier v. Target Stores Corp., C.A. No. 03-1144 SLR (April 26, 2005), as modified.

## II.  FAMILY AND MEDICAL LEAVE ACT – INTERFERENCE

Plaintiff claims that defendant interfered with her right to take unpaid leave from work under the Family and Medical Leave Act.

To prevail on this claim, plaintiff must prove all of the following by a preponderance of the evidence:

First:  Plaintiff had a serious health condition.  A "serious health condition," is defined in the statute as an illness, injury, impairment or physical or mental condition that involves either 1) inpatient care in a hospital or other care facility, or 2) continuing treatment by a health care provider.

Second:  Plaintiff was eligible for FMLA leave and fulfilled all certification requirements substantiating and/or validating her FMLA leave request.

Third:  Plaintiff gave appropriate notice of her need to be absent from work.

Fourth:  Defendant interfered with the exercise of plaintiff's right to unpaid leave.

I instruct you that you do not need to find that defendant intentionally interfered with plaintiff's right to unpaid leave. The question is not whether defendant acted with bad intent, but rather whether plaintiff was entitled to a leave and defendant interfered with the exercise of that leave.

THIRD CIRCUIT MODEL JURY INSTRUCTIONS (CIVIL) (modified), 2006; 29 U.S.C. § 2613(b), 29 C.F.R. §§ 825.311, 825.312; O'Reilly v. Rutgers, The State Univ. of New Jersey, 2006 U.S. Dist. LEXIS 2341, at *1 (D.N.J. 2006); Shtab v. Greate Bay Hotel and Casino, Inc., 173 F. Supp. 2d 255, 264 (D.N.J. 2001).

## III. FAMILY AND MEDICAL LEAVE ACT – CERTIFICATION REQUIREMENT

An employer may require certification to validate or substantiate an employee's request for FMLA leave. To request certification from an employee, an employer merely has to mail notification of its certification request to an employee's address of record. The certification provided by the employee must contain: (1) the date on which the employee's serious health condition commenced; (2) the probable duration of the condition; (3) the appropriate medical facts within the knowledge of the health care provider regarding the condition; and (4) a statement that the employee is unable to perform the functions of her position  If an employee fails to provide an FMLA certification, the employee's leave does not qualify for FMLA leave. The plaintiff has the burden of proving that the certification was received by the employer or its agent.

29 U.S.C. § 2613(b); 29 C.F.R. §§ 825.301(c), 825.311, 825.312; Shtab v. Greate Bay Hotel and Casino, Inc., 173 F. Supp. 2d 255, 264 (D.N.J. 2001); Myers v. Dolgencorp., Inc., 2006 U.S. Dist. LEXIS 6559 (D Kan. 2006); Geromanos v. Columbia Univ., 322 F. Supp. 2d 420, 433 (S.D.N.Y. 2004); and Junker v. Amana Corp., L.P., 240 F. Supp. 2d 894, 901-02 (N.D. Iowa 2003)

## IV. FAMILY AND MEDICAL LEAVE ACT –EMPLOYEE'S REQUIREMENT TO ENSURE CERTIFICATION RECEIVED BY EMPLOYER OR ITS AGENT

After an employer requests an employee to complete an FMLA certification, the employee has the burden of ensuring the certification was actually received by the employer or its agent.  If an employee fails to confirm that her employer or its agent received her FMLA certification, the employee has failed to fulfill her obligations under the FMLA and her leave does not qualify for FMLA protection.

29 U.S.C. § 2613(b); 29 C.F.R. §§ 825.301(c), 825.311, 825.312; Shtab v. Greate Bay Hotel and Casino, Inc., 173 F. Supp. 2d 255, 264 (D.N.J. 2001).; Myers v. Dolgencorp., Inc., 2006 U.S. Dist. LEXIS 6559 (D Kan. 2006); Geromanos v. Columbia Univ., 322 F. Supp. 2d 420, 433 (S.D.N.Y. 2004); and Junker v. Amana Corp., L.P., 240 F. Supp. 2d 894, 901-02 (N.D. Iowa 2003).

## V.  FAMILY AND MEDICAL LEAVE ACT - RETALIATION

To prevail on her claim under the FMLA in this case for retaliation, plaintiff must prove by a preponderance of the evidence each of the following elements:

     (1)     She engaged in an activity protected by the FMLA;

     (2)     She suffered an adverse employment action; and

     (3)     That a causal connection exists between the adverse employment action and the exercise of plaintiff's rights under the FMLA.

While defendant admits that plaintiff was terminated, she must also prove that her discharge was related to her attempt to take leave under the FMLA. Plaintiff is not required to produce direct evidence that her FMLA leave motivated defendant's actions. Plaintiff also need not prove that her FMLA leave was the sole or exclusive reason for the working conditions permitted by defendant. However, plaintiff bears the burden at all times of showing by a preponderance of the evidence that her attempt to take FMLA leave played a role in defendant's decision-making process and that it was a motivating or determinative factor in the outcome of that process.

Your verdict must be for defendant if any of the above elements have not been proven by a preponderance of the evidence.

If plaintiff has proven facts that establish by a preponderance of the evidence each of the essential elements of her FMLA claim, then you must consider whether defendant has presented any legitimate, nonretaliatory reasons for its actions. Defendant's burden is simply to state a legitimate, nonretaliatory reason. Defendant has a right to make business judgments. You should not find that defendant's actions were unlawful just because you

disagree with its stated reasons or because the challenged employment actions seem harsh or unreasonable.

However, you are entitled to infer, but need not infer, that plaintiff's FMLA leave was a motivating or determining factor in defendant's actions if you find that plaintiff has proven her initial case and you disbelieve defendant's explanation for its actions. Some factors you can consider in judging the evidence in this regard include the following:

      (1)      The stated reason for the discharge has no basis in fact;

      (2)      The stated reason for the discharge did not actually motivate the decision to discharge the employee; or

      (3)      The stated reason for the discharge was insufficient to motivate the decision to discharge the employee.

Harding v. Careerbuilder, LLC, 2006 U.S. App. LEXIS 4964 at *6 (3d. Cir. 2006).

## VI.  **MAILBOX RULE**

Under the mailbox rule, you may presume that a letter that is properly addressed and mailed was received by the recipient. If you find that the letters at issue in this case were properly addressed to plaintiff, you may presume that she received them.

Anderson v. United States, 966 F.2d 487, 491 (9th Cir. 1992) (citing Rosenthal v. Walker, 111 U.S. 185, 193-04, 4 S. Ct. 382, 28 L. Ed. 395 (1884)).

OF COUNSEL:
Thomas J. Piatak
Roger G. Trim
Baker & Hosteltler LLP
3200 National City Center
1900 East Ninth Street
Cleveland, OH 44114-3485
(216) 621-0200

Dated: November 22, 2006

Richard G. Elliott, Jr. (#687)
elliott@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551
(302) 651-7700
Attorneys for Defendant

RLF1-3085285-1

9

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2006, I electronically filed the foregoing with the

Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and

which has also been served as noted:

### BY HAND DELIVERY

Laurence V. Cronin
Smith Katzenstein & Furlow
The Corporate Plaza
800 Delaware Avenue
P. O. Box 410
Wilmington, Delaware 19899

Alyssa M. Schwartz (#4351)
schwartz@rlf.com