**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-5102

HESTAL LIPSCOMB,

Appellant

v.

ELECTRONIC DATA SYSTEMS CORPORATION,
a Delaware Corporation

On Appeal from the United States District Court
for the District of Delaware
(Civ. No. 05-cv-00477)
District Judge: Hon. Sue L. Robinson

Submitted Under Third Circuit LAR 34.1(a)
March 13, 2008

Before:  FUENTES, CHAGARES, and VAN ANTWERPEN, Circuit Judges.

Filed: April 23, 2008

OPINION OF THE COURT

CHAGARES, Circuit Judge.

Hestal Lipscomb (Lipscomb) appeals the District Court's order granting summary judgment for Electronic Data Systems Corporation (EDS) in a suit brought under the Family and Medical Leave Act (FMLA). The District Court ruled that: (1) EDS gave Lipscomb proper notice of the need for medical certification and the consequences for failing to submit such; and (2) even if the notice provided was inadequate, Lipscomb's FMLA interference claims failed because she did not demonstrate that she was prejudiced by EDS's actions. Because we determine that EDS provided adequate notice under the FMLA, we do not need to reach the prejudice issue and will affirm the District Court's judgment on notice grounds.

I.

As we write only for the parties, our summary of the facts is brief. Lipscomb worked in the mail room at EDS for almost two years before she was terminated on July 13, 2004. She suffers from granular cell tumors, a medical condition requiring surgical removal of the non-malignant tumors. Lipscomb had surgery in April 2003 and April/May 2004, missing one to two weeks of work. Her 2003 absences were not covered under EDS's FMLA policy because she had not yet worked for EDS for a full year; however, because Lipscomb provided medical documentation to support the reason for her absence, EDS still considered these absences excused under its attendance policy. In 2004, Lipscomb informed her supervisor of her pending surgery. EDS contacted CIGNA,

2

its third-party administrator for FMLA plans, and began the process of qualifying Lipscomb's leave for FMLA protection. Between April 21, 2004 and June 17, 2004, CIGNA sent Lipscomb five letters regarding her leave and the need to submit medical documentation to CIGNA; however, Lipscomb never provided CIGNA with a completed FMLA medical certification and she claimed she did not recall receiving the letters. EDS alleged that Lipscomb's supervisor also instructed her several times to submit the necessary documentation to CIGNA and even provided a room and fax machine from which to do so. Because Lipscomb made no effort to follow up with CIGNA, EDS terminated Lipscomb for excessive, unexcused absenteeism in July 2004. Lipscomb brought suit, claiming that EDS unfairly interfered with her FMLA rights when it terminated her employment. The United States District Court for the District of Delaware granted summary judgment for EDS, and this appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we will affirm.

II.

When the District Court grants a motion for summary judgment, "[o]ur review is plenary." Jensen v. Potter, 435 F.3d 444, 448 (3d Cir. 2006). Summary judgment is appropriate when no genuine issues of material fact are presented and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). We "resolve all factual doubts and draw all reasonable inferences in favor of [the appellant]." DL Res., Inc. v. FirstEnergy Solutions Corp., 506 F.3d 209, 216 (3d Cir.

2007).

### III.

Under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, an employer may require certification from a health care provider to verify an employee's health-related leave. 29 U.S.C. § 2613(a); 29 C.F.R. § 825.305(a). Such an employer must provide written notice of its certification requirement and the potential consequences of an employee's failure to provide adequate certification. 29 C.F.R. §§ 825.301(b)(1)(ii), 825.305(a),(d). In the case at hand, the record demonstrates that EDS met these notice requirements. EDS informed its third-party administrator, CIGNA, of Lipscomb's anticipated leave for surgery. CIGNA sent Lipscomb five letters requesting the necessary medical information[1], EDS employees verbally reminded Lipscomb to send the forms, and EDS's handbook advised Lipscomb of the potential consequences of unexcused absenteeism. Therefore, we agree with the District Court's conclusion that EDS "gave proper notice of the need for a medical certification, and of the consequences for failing to submit such, consistent with the FMLA." Appendix 14.

The District Court also determined that, even if Lipscomb did not receive adequate notice, she could not demonstrate that she was prejudiced by EDS's actions. See

---

[1] Lipscomb contends that EDS cannot prove mailing or invoke the "mailbox presumption" for any of the letters sent by CIGNA. We believe that proper notice can be inferred because EDS had correctly addressed copies of all five letters in its files, and Lipscomb's doctors faxed information to CIGNA only four days after the June 17, 2004 letter.

4

Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81 (2002) (FMLA interference claim requires a showing that the employee was impaired by the employer's failure to provide timely notice or would have acted differently had proper notice been given).  Because we conclude that EDS fulfilled its notice duties, we do not need to address the prejudice issue.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.